**Joseph P. BARFIELD, Plaintiff-Appellee,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellant.**

No. 72-3805.

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1973.

---

John W. Stokes, Jr., U. S. Atty., Charney K. Berger, Asst. U. S. Atty., Atlanta, Ga., Kathryn H. Baldwin, Eric B. Chaikin, Eloise E. Davies, Dept. of Justice, Washington, D. C., for defendant-appellant.

H. H. Gearinger, Chattanooga, Tenn., for plaintiff-appellee.

Before GEWIN, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

A Social Security claimant filed this suit in the district court to review a decision of the Secretary in which he declined to reopen a claim for disability benefits. In the prior hearing on the claim the Secretary had denied further benefits to plaintiff. The present suit was predicated on the provisions of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and section 10 of the Administrative Procedure Act, 5 U. S.C. § 704.[1] The Secretary filed a motion to dismiss and contended that his decision not to reopen claimant's application for disability benefits was not judicially reviewable. The district court below denied the motion to dismiss and remanded the case to the Secretary with instruction to determine if the hearing afforded claimant on his application to reopen the case relative to cessation of benefits was in accord with Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L. Ed.2d 287 (1970), and Richardson v. Wright, 405 U.S. 208, 92 S.Ct. 788, 31 L.Ed.2d 151 (1972). The Secretary then brought this appeal from the district court's order.

We required the parties to brief the threshold question of whether the district court's order remanding the case to the Secretary was an appealable final order under 28 U.S.C. § 1291. Appellant made no request in the district court to certify the matter as an interlocutory

1. 42 U.S.C. § 405(g) in pertinent part reads as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, . . . ."

5 U.S.C. § 704 reads as follows:

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority."

appeal under 28 U.S.C. § 1292(b), and no application was made to this Court for permission to take an appeal from the district court's order.

The Secretary contends that the district court's order is appealable as a final order because it is one contemplated by the Supreme Court's decisions in Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and Gillespie v. United States Steel Corporation, 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), since the question presented "clearly presents a final determination of a claim of right separable and collateral to rights asserted in the action that are serious and unsettled questions too important to now be denied review." (Secretary's supp. brief p. 2.) The Secretary further contends that unless the district court's order is reviewed his right will probably be irreparably lost.

This case, however, does not come within the *Cohen* criteria. We are unable to agree with the Secretary's contention that "[t]he order's review cannot, in the nature of the questions it presents, await final judgment because when that time comes, it will be too late effectively to review the order and rights conferred will have been lost, probably irreparably." *See* Cohen, *supra*, 337 U.S. at 546–547, 69 S.Ct. 1221.

No adequate reason has been suggested why the Secretary cannot respond to the district court's instruction. The matter can be determined in due course, and the aggrieved party can take an appeal to this Court for ultimate review on all of the combined issues.

Since the appeal here is from an order of the district court which is not final, and no certificate has been obtained from the district court, or permission granted by this Court as required by 28 U.S.C. § 1292(b), we do not have jurisdiction to entertain this appeal. *See* Alabama Lab. Coun., P.E.U., Loc. No. 1279 v. State of Alabama, 5 Cir., 1972, 453 F.2d 922.

Appeal dismissed.