**Vincent HOWELL, Plaintiff-Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 82–5217
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 3, 1983.

Robert J. Willis, Florida Rural Legal Services, Inc., Cynthia A. Metzler, Bartow, Fla., for plaintiff-appellant.

Elyse Sharfman, D.H.H.S., Atlanta, Ga., for defendant-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

RONEY, Circuit Judge:

In this social security disability case, the claimant, Vincent Howell, appeals from a district court order remanding the case to the Secretary of Health and Human Services to determine whether Howell can perform substantial gainful activity other than his former work. Concluding that the order is not appealable, we dismiss.

While working as a fruit picker on June 20, 1978, Howell suffered a back injury when a sack of oranges fell on him causing him to fall from a ladder. The Secretary subsequently denied Howell any benefits, finding that he was not disabled within the meaning of section 223(d)(1)(A) of the Social Security Act, 42 U.S.C.A. § 423(d)(1) (A). Howell filed suit in district court seeking review of the administrative determination pursuant to 42 U.S.C.A. § 405(g).

Although the magistrate appointed by the court found insufficient evidence to support a finding that Howell was physically able to resume his work as a fruit picker, the agency had not determined whether he could perform other work. Upon a showing that a claimant cannot perform his old job, the burden shifts to the Secretary to demonstrate that the claimant is qualified based on his age, education and employment experience to perform other work available in the national economy. *Johnson v. Harris*, 612 F.2d 993, 997 (5th Cir.1980). On the recommendation of the magistrate, the district court remanded the case to the agency to determine whether Howell could engage in other available work. The district court, however, refused to accept the magistrate's recommendation that the Secretary be directed to employ a vocational expert in making this determination.

On appeal, Howell challenges the district court's ruling in two respects. First, he asserts the court should have ordered the Secretary to award him benefits rather than remand for more proceedings. Second, he argues that if a remand was warranted, the court should have required the Secretary to use a vocational expert.

■ The initial question is whether the district court's order of remand is appealable. To be appealable, an order of the district court must be final pursuant to 28 U.S.C.A. § 1291 or it must fall into a series of specific classes of interlocutory orders pursuant to 28 U.S.C.A. § 1292. Appellant argues only § 1291 jurisdiction. The district court's decision in this case, however, did not end the litigation. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). On remand, the Secretary may deny or grant benefits in light of the district court's decision. The issue will be whether he can satisfy his burden to show that Howell could have engaged in other substantial gainful employment.

■ Howell relies on the *Cohen* exception, arguing that if he cannot now appeal the district court's decision, he will never be able to challenge the propriety of remanding, rather than ordering the Secretary to grant the benefits based on the present record. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). In effect, Howell asks us to foreclose the Secretary from meeting a burden which did not arise until the district court's decision. This is not a case where the district court issued a ruling that will control the outcome of the litigation.

Howell cites a few cases in which this Court held reviewable, on the Secretary's appeal, district court orders remanding to the Secretary for further proceedings. *Gold v. Weinberger,* 473 F.2d 1376, 1378 (5th Cir.1973); *Cohen v. Perales,* 412 F.2d 44, 48–49 (5th Cir.1969), *rev'd on other grounds sub nom., Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In both *Perales* and *Gold,* however, the Court stressed that the district court had not only remanded the case, but also had made an evidentiary ruling adverse to the Secretary. As the Court noted, if the Secretary could not then appeal the decision, he might never be able to challenge the evidentiary ruling.

That is not the case here. The district court refused to direct the Secretary to employ a vocational expert. Instead the court noted that recently promulgated regulations permit the agency to forego vocational testimony in favor of vocational tables developed by the agency to determine easily whether alternative work is available that the claimant can perform. 20 C.F.R. Part 404, Subpart P, Appendix 2, §§ 200.-00–204.00 (1982). Based on the claimant's age, employment experience, education and residual functional capacity, the tables state whether the claimant is entitled to benefits. In effect, the Social Security Administration takes administrative notice of the available jobs. *Id.* § 200.00(b). The district court concluded that the agency can legally rely on the tables as long as it makes specific findings supported by substantial evidence as to Howell's qualifications and capabilities, and articulates any jobs it determines Howell can perform. *See generally Broz v. Schweiker,* 677 F.2d 1351 (11th Cir.1982), *petition for cert. filed,* 51 U.S.L.W. 3394 (U.S. Nov. 23, 1982) (No. 82–816); *Salinas v. Schweiker,* 662 F.2d 345 (5th Cir.1981). If the Secretary denies Howell benefits without sufficient evidence or with improper evidence, the claimant may obtain review in subsequent appellate proceedings. 11 U.S.C.A. § 405(g). Any legal ruling made in the present order can be reviewed effectively after the remand. In any event, the Secretary may decide on remand to rely on a vocational expert rather than to apply the vocational tables, and thereby eliminate one of the issues Howell wants us to decide.

This Court has previously refused on jurisdictional grounds to entertain the Secretary's appeal from a district court decision to remand to the Secretary for a determination as to whether alternative work was available which the claimant could perform. *Tookes v. Harris,* 614 F.2d 1296 (5th Cir. 1980) (Unpublished opinion attached as Appendix). We cite *Tookes* only because we have been unable to find a published opinion directly on point. We of course are bound by Fifth Circuit opinions rendered

before October 1, 1981, *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), even unpublished ones. *See United States v. Ellis,* 547 F.2d 863, 868 (5th Cir.1977) (decision without published opinion is binding precedent). As in this case, the district court in *Tookes* had determined that substantial evidence did not support the Secretary's finding that the claimant could return to his old job and that the agency should decide whether the claimant could perform available alternative work. This Court's conclusion that it lacked jurisdiction to hear the appeal is controlling here. *See also Barfield v. Weinberger,* 485 F.2d 696, 698 (5th Cir.1973) (holding nonjurisdictional an appeal from a district court order remanding to Secretary to determine if hearing afforded claimant satisfied Supreme Court requirements).

APPEAL DISMISSED.

APPENDIX

IN THE UNITED STATES COURT
OF APPEALS

FOR THE FIFTH CIRCUIT

No. 79–3340

Summary Calendar *

CHARLIE C. TOOKES,
            Plaintiff-Appellee,
    versus
PATRICIA ROBERTS HARRIS, Secretary
of Health and Human Resources,
            Defendant-Appellant.

Appeal from the United States District
Court for the Middle District
of Georgia

(MARCH 25, 1980)

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.

1. The Social Security Administration denied an earlier application claiming disability from high

PER CURIAM:

The Secretary of the Department of Health, Education and Welfare (HEW) appeals the district court's order remanding to the administrative law judge (ALJ) Mr. Charlie Tookes claim for disability benefits. We dismiss the appeal.

Charlie C. Tookes is a fifty-nine year old man with a fourth grade education. Mr. Tookes, without benefit of counsel, filed an application for disability benefits because of his heart trouble, high blood pressure, and diabetes.[1] The Social Security Administration denied the application initially and on reconsideration. After a hearing *de novo* the ALJ determined that Tookes was not under a disability. The HEW Appeals Council affirmed that decision, which then became final. Disability as defined in section 223 of the Social Security Act means:

inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 223 (1976). The ALJ concluded that Tookes retained the residual functional capacity to perform a wide range of activities consistent with his occupational background. The ALJ also found that Tookes failed to establish a medically determinable impairment or combination of impairments of a severity which precluded him from engaging in any substantial gainful activity for a continuous period of twelve months.

The district court acknowledged that its role was limited to determining whether substantial evidence on the record as a whole existed to support the Secretary's decision. 42 U.S.C. § 405(g) (1976). The court concluded, however, that the record before it was insufficient for a finding that substantial evidence supported the ALJ.

blood pressure, obesity, and kidney stones, and Tookes did not pursue his remedies within the statutory appeal period.

The court therefore remanded the case to the ALJ "to determine whether substantial gainful activity is available for this plaintiff in the Montezuma, Georgia area and to determine the basis for the ALJ's categorization of textile knitter as light and sedentary work." The Secretary appeals the order of remand.[2]

A threshold question is whether this court has jurisdiction to entertain the appeal.[3] Courts of appeal have jurisdiction to hear appeals from "all final decisions of the district courts." 28 U.S.A. § 1291 (1976). Generally a final decision is one that terminates the litigation. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), *quoting Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 711–12 (5th Cir.1979). *Cf. Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 171, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974) *and Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949) (Congress allows some appeals from final judgments that do not terminate action). If the order does not end the litigation, it must fall within an exception to the final-judgment rule. *Coopers & Lybrand v. Livesay,* 437 U.S. at 467, 98 S.Ct. at 2457. This rule is based on the policies against piecemeal review, against disrupting proceedings with interlocutory appeals, favoring judicial efficiency, and favoring the hastened termination of litigation. *Coopers & Lybrand v. Livesay,* 437 U.S. at 471, 98 S.Ct. at 2459; *United States v. MacDonald,* 435 U.S. 850, 853, 98 S.Ct. 1547, 1548, 56 L.Ed.2d 18 (1978); *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *United States v. Nixon,* 418 U.S. 683, 690, 94 S.Ct. 3090, 3098, 41 L.Ed.2d

1039 (1974); *Eisen v. Carlisle & Jacquelin,* 417 U.S. at 170–71, 94 S.Ct. at 2149. Competing with these policies is "the danger of denying justice by delay." *Dickinson v. Petroleum Conversion Corp.,* 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950).

We hold that the district court's order is not final. A district judge can remand a case to the Secretary in three situations. 42 U.S.C. § 405(g) (1976). First, the court can remand for rehearing as part of its judgment affirming, modifying, or reversing the Secretary's decision. Second, the court can remand if the Secretary moves for remand before she files an answer. Third, the court "may, at any time, on good cause shown, order additional evidence." *Id.* The question is whether the district court's order is of the first or third type. If it is the former, it is final; if the latter, it is not appealable. *See Cohen v. Perales,* 412 F.2d 44, 48 (5th Cir.1969), *rev'd on other grounds,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1970).

The district court outlined a two-step analysis: first, is there a medically determinable impairment; and second, does the impairment render the claimant unable to engage in substantial gainful employment. Because Tookes showed, at the first step, that he was unable to return to his former job as a welder, the court held that the burden shifted to the Secretary to prove that Tookes could perform other substantial gainful employment. Record at 42. *See White v. Harris,* 605 F.2d 867 (5th Cir.1979). On this second step, the court stated:

> The court holds that the second step— the ability of plaintiff to engage in any substantial gainful activity for a period of twelve months—does not rise to the level of substantial evidence.

---

2. Both parties agree that the availability of gainful activity in the Montezuma, Georgia area is irrelevant after the 1967 amendment to the Social Security Act. 42 U.S.C. § 423(d)(2)(A) (1976). The cases relied upon by the district court preceded the amendment. Because the textile knitter categorization arguably is a valid basis for remand, we consider the appealability of the court's order.

3. The Secretary summarily claims that this appeal is from a final order. Brief of Appellant at 8 n. 1. Appellee does not contest the appealability of the order. This issue, of course, can be raised *sua sponte* by the court. *See United States v. Deutsch,* 599 F.2d 46 (5th Cir.1979).

This court therefore orders that this case be remanded to determine whether substantial gainful activity is available for this plaintiff in the Montezuma, Georgia area and to determine the basis for the ALJ's categorization of textile knitter as light and sedentary work.

*Id.* at 44. Despite the phrasing of the court's decision, we do not see the order as one of the first type, reversing the Secretary and remanding. Not only was the remand not for "rehearing" as the statute provides,[4] but the court's specific questions indicate that the present decision is but a step towards the final judgment. *See Eluska v. Andrus,* 587 F.2d 996 (9th Cir.1978); *Barfield v. Weinberger,* 485 F.2d 696, 698 (5th Cir.1973). Review at this time would be intervention in an open, unfinished, and inconclusive matter. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. at 546, 69 S.Ct. at 1225.

Nor does this order meet the criteria of the collateral order exception. A collateral order is one separable from the ingredients of the claim. *Eisen v. Carlisle & Jacquelin,* 417 U.S. at 171–72, 94 S.Ct. at 2149–50; *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. at 546–47, 69 S.Ct. at 1225–26. The order must not (1) be subject to district court revision, (2) involve issues intertwined with those comprising the cause of action, or (3) be subject to effective review after final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. at 469, 98 S.Ct. at 2458; *Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d at 711–12; *North American Acceptance Corporation Securities Cases v. Arnall, Golden & Gregory,* 593 F.2d 642 (5th Cir.1979); *Zylstra v. Safeway Stores, Inc.,*

578 F.2d 102, 104 n. 1 (5th Cir.1978). The present order fails to meet these standards in at least two ways. First, it is clear that the court might decide after the remand that substantial evidence supports the ALJ. If it affirms the ALJ, the Secretary need not appeal. Second, the Secretary's whole basis for contesting the remand is that substantial evidence exists in the present administrative record. Obviously, such a review of the remand order is intertwined with a review of the merits.[5]

The cases cited by the Secretary as mandating review all involve a final order or a collateral evidentiary ruling. *Gold v. Weinberger,* 473 F.2d 1376 (5th Cir.1973) (court denied summary judgment and determined burden of proof on remand); *Peoples v. Richardson,* 468 F.2d 601 (5th Cir.1972) (Secretary did not object to remand but to restrictions in manner in which expert testimony could be received); *Cohen v. Perales,* 412 F.2d at 48, *rev'd,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1970) (on evidentiary question) (district court denied summary judgment and gave direction on weight to be accorded unsworn, contested medical reports).[6] This case is closer to *Barfield v. Weinberger,* in which this court held that an order remanding to determine whether a claimant's hearing met requirements enunciated by the Supreme Court was not appealable. 485 F.2d at 697–98.

As Judge Goldberg noted in *North American Acceptance,* "[W]e must be parsimonious in our analysis of appealability," but the "safety valve" in 28 U.S.C. § 1292(b), which allows district courts to certify questions for appeal, cushions any injustice which might result from the final-judgment rule. 593 F.2d at 645. In section 405(g), Congress

---

4. We also note that appellee has not cross-appealed the failure to remand for a full rehearing.

5. The sole inquiry on appeal to the district court is whether the administrative determination is supported by substantial evidence. 42 U.S.C. § 405(g) (1976). As to the third requirement, it may be true that the procedural aspect of the remand order will not be reviewed. The Secretary's grounds for avoiding remand, however, are the same as those on the merits; therefore, the substance of her claims can be

reviewed should the court find substantial evidence is lacking.

6. Neither party moved for summary judgment or dismissal in this case. The only motion outstanding at the time of the court's order was claimant's motion to remand for a full hearing. The district court does have, however, power to decide these cases based solely on the pleadings and administrative transcript. 42 U.S.C. § 405(g) (1976).

gave the district court the power to ask the administrators for additional information before finally determining whether a finding on disability is supported by substantial evidence. To allow the Secretary to appeal from this type of remand order would frustrate the policies of both section 405(g) and section 1291. The appeal is DISMISSED.