WALTER E. HOFFMAN, Senior District Judge:
Dental Capital Leasing appeals from a decision of the bankruptcy appellate panel of the Ninth Circuit. The appellate panel affirmed the order of the bankruptcy court subordinating appellant’s lien to the Martinez’ homestead exemptions, but remanded the case for a factual determination as to whether the Martinez’ homesteaded residence was held in community or joint tenancy.
Dental Capital raises two contentions on appeal: that its recorded lien was improperly postponed to the Martinez’ combined federal and state homestead exemptions and that the bankruptcy judge’s factual determination that Mr. Martinez had taken the state homestead exemption of $40,000 and his wife the federal one of $7,560 was clearly erroneous. Although we agree that the record is confused as to which exemption Mr. Martinez in fact elected, we conclude that we lack jurisdiction over this appeal. We therefore dismiss the appeal and direct that, on remand, the bankruptcy judge also *264 determine which exemption Mr. Martinez in fact had elected.[1]
I
On December 30,1980 Dental Capital had a judgment for $47,298.16 plus interest entered against Mr. Martinez. On January 22, 1981 Dental Capital recorded an abstract of this judgment, thus making it a lien on the Martinez residence. In August, Mr. and Mrs. Martinez filed a joint voluntary petition for relief pursuant to 11 U.S.C. § 301. They were discharged in bankruptcy on November 30, 1981. Their filing for bankruptcy triggered an automatic stay of the enforcement of Dental Capital’s lien on the Martinez residence. 11 U.S.C. § 362(a)(4).
Shortly after the Martinez’ discharge in bankruptcy, Dental Capital initiated an adversary proceeding in bankruptcy court. Dental Capital asserted that, because its lien was perfected before the Martinez’ filed their declaration of homestead, the court should either lift the automatic stay against forced sale of the Martinez residence or order the trustee to sell it. According to the record, the home had a fair market value of at least $125,000, subject to federal and state tax liens of $15,000 and three deeds of trust aggregating $41,000.
On December 29, 1981 the bankruptcy court held that the lien created by Dental Capital’s recording of its abstract of judgment was postponed to the amount of the homestead exemption of $40,000 for Mr. Martinez and $7560 for his wife. It also lifted the stay to allow Dental Capital to sell the house, subject to prior perfected liens and to the Martinez’ combined homestead exemptions.
Dental Capital filed a timely notice of appeal to the bankruptcy appellate panel. The appellate panel affirmed the bankruptcy court’s order as to the questions raised on appeal. It held that Dental Capital’s lien was properly postponed to the Martinez’ homestead exemptions, that any forced sale of their residence was subject to their homestead exemption and that Mr. Martinez was entitled to claim the state exemption of $40,000 and his wife the federal exemption of $7560. However, the appellate panel vacated the bankruptcy court’s order and remanded the case for a determination of (1) whether the Martinez’ hold their home in community or joint tenancy and (2) whether Mr. Martinez had a sufficient interest in the property to allow Dental Capital to foreclose. On remand, the bankruptcy court was to be guided by the principles of Schoenfeld v. Norberg, 11 Cal.App.3d 755, 90 Cal.Rptr. 47 (1970).[2] Dental Capital then appealed to this Court.
II
The threshold issue in this case is whether this court has jurisdiction to hear the appeal. Although neither party raised this question, a federal court is duty-bound to determine its proper jurisdiction on its own motion. Csibi v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir.1982); In re Kutner, 656 F.2d 1107, 1110 (5th Cir.1981); Fed.R.Civ.P. 12(h)(3).
The Bankruptcy Reform Act of 1978 revamped the appellate process in bankruptcy *265 cases.[3] Under the new Act, parties have three possible routes of appeal from the bankruptcy court: to an appellate panel of three bankruptcy judges, to the district court or directly to the court of appeals.[4] Further appeal from the appellate panel or district court to the court of appeals is also possible. 28 U.S.C. § 1293.
Our jurisdiction to hear this case is defined by 28 U.S.C. § 1293(a) which allows only “final decisions” of the appellate panels to be appealed to the courts of appeal. In re Mason, 709 F.2d 1313 (9th Cir.1983); In re Rubin, 693 F.2d 73 (9th Cir.1982). We must therefore determine whether this decision is interlocutory or final. This court recently cautioned against “blind adherence to the rules of finality developed under 28 U.S.C. § 1291” in the bankruptcy context. Mason, supra, at 1316. We justified this flexibility by noting that some proceedings in bankruptcy cases are “so conclusive, either to the rights of individual parties or to the ultimate outcome of the case, that final decisions as to them should be appealable as of right.” Id. at 1317.
In defining the limits of this “pragmatic approach” to the question of finality in bankruptcy proceedings, this court has focused primarily on whether the decision appealed from “effectively determined the outcome of the case.” Id. at 1318. In this case, the appellate panel’s decision had no such determinative effect, precisely because the panel remanded to allow the bankruptcy judge more accurately to determine the respective rights and obligations of the parties. We therefore need not depart from the usual finality doctrines of 28 U.S.C. § 1291.
A “final decision” has been defined as one which “ends the litigation on the merits and leaves nothing for the court to do but enter judgment.” Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). The finality doctrine is based on the twin policies of controlling piecemeal adjudication and eliminating the delays caused by the appeal of interlocutory decisions. Id. at 233-34, 65 S.Ct. at 633-34. Courts have traditionally not considered remands as final decisions because of their preference to have a single “ultimate review on all the combined issues.” Barfield v. Weinberger, 485 F.2d 696, 698 (5th Cir. 1973); accord United States v. Alcon Laboratories, 636 F.2d 876, 884 (1st Cir.1981); Eluska v. Andrus, 587 F.2d 996, 999 (9th Cir.1978).
721 F.2d — 8
We see no reason not to apply § 1291 finality standards to remands for factual determinations in the bankruptcy context. Cf. In re Glover, Inc., 697 F.2d 907 (10th Cir.1983); In re Rubin, 693 F.2d 73 (9th Cir.1982). In Glover, the creditor appealed a district court remand to bankruptcy court for further consideration of a request for payment of administrative expenses under 11 U.S.C. § 503. The district court remanded because it felt the record inadequately reflected the basis of the bankruptcy court’s ruling. Glover, supra at 908. The court of appeals held this order to be interlocutory and dismissed the appeal. Id. at 909.
The issue before this court is similar to that in Glover: a remand to the bankruptcy court for clarification of a central issue of the case. The form of tenancy in which Mr. and Mrs. Martinez hold their residence is critical to a determination of the rights of all the parties to this litigation. That factual determination will be made best by the bankruptcy court.
*266 The appeal in this case is therefore DISMISSED.

. When they filed for bankruptcy, the Martinez’ filled out several forms, including Schedule B-4 (property claimed as exempt) in which Mr. Martinez claimed the federal and Mrs. Martinez the state homestead exemptions. Excerpts of the record at BCR-6. However, Bankruptcy Judge Aron K. Phelps reversed these figures in the order he filed December 29, 1981. Id. at BPR-7. This confusion needs to be cleared up on remand. It may be that the bankruptcy judge permitted an amendment.

. “The judgment lienholder’s rights are limited to the judgment debtor’s interest in property and are subject to all encumbrances on the property and the debtor’s homestead exemption. Norberg v. Schoenfeld, [sic] [90 Cal.Rptr. 47,] 53-54. The extent of the debtor’s interest depends on whether the property is held in community or joint tenancy. On remand, the court must decide how the property is held and whether such interest would yield a value permitting appellant to foreclose under Schoen-feld.” In re Martinez, slip opinion at 3 (9th Cir. Bkrtcy.App. Jan. 4, 1983).

. Although the appeals procedures of the Bankruptcy Reform Act do not become effective until April 1, 1984, “[d]uring the transition period, the jurisdiction of the district courts, the courts of appeals, and panels of bankruptcy judges to hear appeals shall be the same as the jurisdiction of such courts and panels .granted under the amendments ...” Pub.L. 95-598, Title IV, § 405(c)(2), 92 Stat. 2685.

. 28 U.S.C. § 160 permits circuits to establish three-judge bankruptcy appellate panels; the appellate jurisdiction of these panels is set forth in 28 U.S.C. § 1482. In circuits which have not established appellate panels, appeals may be taken to the district court. 28 U.S.C. § 1334. In all circuits, appeals may be taken directly to the court of appeals only if both parties agree. 28 U.S.C. § 1293(b).