Clarence K. TAYLOR,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 83–8621.

United States Court of Appeals,
Eleventh Circuit.

Dec. 16, 1985.

* Honorable Edward S. Smith, U.S. Circuit Judge   for the Federal Circuit, sitting by designation.

Edward R. Zacker, Brunswick, Ga., for plaintiff-appellant.

Henry L. Whisenhunt, Jr., Asst. U.S. Atty., Augusta, Ga., Holly A. Grimes, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT and JOHNSON, Circuit Judges, and DUMBAULD *, District Judge.

TJOFLAT, Circuit Judge:

The Equal Access to Justice Act (EAJA) [1] authorizes a district court to award an attorney's fee to an individual who prevails in a suit in which the Government is the opposing party and in which the Government's litigating position was not "substantially justified." To obtain such a fee, the prevailing party must make application therefor within thirty days of the entry of final judgment. The question we must decide in this Social Security case is whether the decision of a district court to remand the case to the Secretary of Health and Human Services is a final judgment within the meaning of the EAJA and, if not, when does the litigation come to a final conclusion.

I.

In the proceedings below, appellant sought district court review, pursuant to 42 U.S.C. § 405(g) (1982), of a decision of the Secretary denying him certain disability benefits. The district court concluded that the Secretary's decision, based principally on the findings of an administrative law judge, was not supported by substantial evidence and that the ·Secretary should have sought and considered the opinion of a vocational expert before reaching a decision. The court, therefore, remanded the case to the Secretary for further proceedings.

On remand, the Secretary, without referring the case to the administrative law judge for further hearing, issued a decision favorable to appellant, awarding him the requested benefits. Thereafter, the appellant applied to the district court for an attorney's fee pursuant to the EAJA. The court rejected his application as premature, concluding that its previous remand order was not a final judgment. In an effort to obtain a final judgment, appellant moved the district court to dismiss the case. The court granted his motion, on February 8, 1983, and entered an order dismissing the case. On March 3, 1983, appellant refiled his application for an attorney's fee. The court denied his application on the ground that the order of dismissal did not constitute a final judgment within the meaning of the EAJA. This appeal followed.

II.

The EAJA provides that "a court shall award to a prevailing party other than the United States" a reasonable attorney's fee and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28

* Honorable Edward Dumbauld, U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. The EAJA is codified at 28 U.S.C. § 2412 (1982). Subsection (d) of the Act was repealed effective October 1, 1984, with the provision that the subsection would still apply to any action commenced before the date of repeal.

Pub.L. No. 96–481, § 204(c), 94 Stat. 2327, 2329 (1980). The repeal of subsection (d), therefore, has no effect upon the appellant's application for attorneys' fees. We note that subsection (d) was reenacted with modifications on August 5, 1985. Pub.L. No. 99–80, § 6, 99 Stat. 183, 186 (1985).

U.S.C. § 2412(d)(1)(A) (1982). *See supra* note 1. The EAJA "rests on the premise that certain individuals ... may be deterred from seeking review of, or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 5, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4984, 4984. In addition to removing the financial barrier faced by individuals contesting inappropriate governmental action, the EAJA was also designed to encourage government agencies to act in an equitable and responsible manner toward citizens and refrain from unreasonable and vexatious litigation. *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12, *reprinted in* 1980 U.S.Code Cong. & Ad.News, 4984, 4991.

The House of Representatives Committee on the Judiciary "discuss[ed] whether the United States should be liable [under the EAJA] when it is a named party and represented in a civil action under the Social Security Act ... [and] decided that civil actions should be covered." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4984, 4991. The law is now settled that the EAJA is applicable to district court actions brought pursuant to the Social Security Act, 42 U.S.C. § 405(g) (1982), although proceedings at the administrative agency level are excluded from its coverage. *See Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 880 (3d Cir.1984); *Cornella v. Schweiker,* 728 F.2d 978, 987–88 (8th Cir.1984); *Wolverton v. Heckler,* 726 F.2d 580, 582 (9th Cir.1984); *Guthrie v. Schweiker,* 718 F.2d 104, 107 (4th Cir.1983); *Berman v. Schweiker,* 713 F.2d 1290, 1296 (7th Cir.1983); *McGill v. Secretary of Health and Human Services,* 712 F.2d 28, 30 (2d Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984).

The EAJA sets forth three critical prerequisites to any award of attorneys' fees in Social Security disability cases. First, the claimant must qualify as a "prevailing party." Second, the application for fees must be filed "within thirty days of final judgment in the action." Third, after the claimant has "prevailed" and filed a timely application for fees, the district court must then make the further finding that the position of the government was not "substantially justified" and that no "special circumstances" make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A), (B) (1982).

The district court in this case denied appellant's request for attorneys' fees without ever addressing the first and third requirements for an award because it found that appellant's application for fees did not satisfy the second requirement of timely filing after a final judgment. The district court found that neither of its previous orders—the order remanding the case to the Secretary or the order dismissing the case—constituted a final judgment within the meaning of the EAJA and, therefore, concluded that appellant's fee application was not timely.

The EAJA requires that a prevailing party must apply for an attorney's fee award "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B) (1982). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). The district court's order remanding the case to the Secretary would appear to fit within the above definition because the order completely disposed of the case before the district court. On remand, the Secretary was authorized to conduct a new hearing and to reach a result contrary to her prior decision. If the claimant obtained the benefits he was seeking, further resort to the district court would be unnecessary; if he lost, he would be entitled to bring a new action in the district court. Thus, there was no apparent reason for the district court to retain jurisdiction of this case.

It would also appear that Congress, in providing for judicial review of the Secretary's decisions, intended district court remands to the Secretary, such as the one

fashioned in this case, to be final judgments. District courts were granted the power to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (1982). Congress provided for district court retention of jurisdiction in two instances, neither of which occurred here. The first instance is where the Secretary, prior to filing an answer, moves the court "for good cause shown [to] ... remand the case to the Secretary for further action by the Secretary." *Id.* The second instance is where, prior to final disposition in the district court, a party seeks a remand for the purpose of presenting "new evidence which is material" and demonstrates "good cause for the failure to incorporate such evidence into the record in a prior [administrative] proceeding." *Id.* Having specified the two circumstances under which a district court should retain jurisdiction after remanding a case to the Secretary, the Congress must have intended that district courts not retain jurisdiction under other circumstances and, therefore, that their remand orders under such other circumstances should operate as final judgments.

In this case, given the seeming finality of the district court's remand to the Secretary and the apparent legislative intent that a remand of this nature constitute a final judgment, it follows that the district court's remand should be treated as a final judgment. If we were writing on a clean slate, we would hold that appellant's application for an attorney's fee under the

EAJA was untimely, because it was filed more than thirty days after the remand order was entered.

We are not writing on a clean slate, however. This circuit treats *all* remand orders to the Secretary as interlocutory orders, not as final judgments. *See Howell v. Schweiker,* 699 F.2d 524 (11th Cir.1983); *Tookes v. Harris,* 614 F.2d 1296 (5th Cir. 1980) (published as an appendix in *Howell* ). In *Howell,* we held that the "district court's [remand] ... [does] not end the litigation" because the Secretary may thereafter grant or deny benefits to the claimant in light of the district court's decision, and, if the Secretary denies benefits, the claimant may obtain subsequent judicial review.[2] 699 F.2d at 526. Though *Howell* and *Tookes* involved the issue of whether remand orders are final decisions within the meaning of 28 U.S.C. § 1291 (1982),[3] as distinguished from 42 U.S.C. § 405(g) (1982), there is nothing in the language of these statutes or their legislative histories to suggest that a "final" decision remanding a case to the Secretary would not be a final decision under section 1291 but would be final under section 405(g).

As we have noted, a final judgment must have been entered in the district court before a litigant can apply for an attorney's fee under the EAJA. In the light of the precedent we cite above, which binds this panel, a claimant who has obtained a remand order from the district court cannot apply for a fee under the Act until the administrative process has come to an end and the district court has entered

---

**2.** Because this circuit considers a remand order an interlocutory order, it follows by operation of law that the district court retains jurisdiction of the case until the proceedings on remand have been concluded. To terminate its jurisdiction, the district court must subsequently enter a dispositive order of some sort, i.e., a dismissal (as in this case) because the controversy has ended, or a "judgment affirming, modifying, or reversing the decision of the Secretary" (without further remand to the Secretary), as provided in 42 U.S.C. § 405(g) (1982), in the event the claimant seeks judicial review of the Secretary's postremand decision. This circuit would consider any of the dispositive orders mentioned above to be final judgments under the EAJA.

**3.** 28 U.S.C. § 1291 (1982) provides in relevant part:

**§ 1291. Final decisions of district courts**

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

a final judgment.[4]  In this case, the final judgment was in the form of an order dismissing the case.[5]  That order was entered on February 8, 1983.  Appellant applied for a fee within thirty days of this date, and, therefore, he was entitled to a consideration of his fee application on the merits.  The district court refused to do this; consequently, we must remand the case for that purpose.  Accordingly, the judgment of the district court is

VACATED and the cause is REMANDED for further proceedings.

4. Although not determinative in this case, we note that the legislative history of Public Law 99–80 (reenacting subsection (d) of the EAJA, *see supra* note 1) supports our holding in this case.  The House Report states that a district court's

    remand decision is not a 'final judgment,' nor is the agency decision after remand.  Instead, the District Court should enter an order affirming, modifying, or reversing the final ...

decision [of the Secretary of Health and Human Services], and this will usually be the final judgment that starts the 30 days running. H.R.Rep. No. 120, 99th Cong., 1st Sess. 19, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 148.

5. We consider the district court's order dismissing the case a final judgment within the meaning of the EAJA.  See discussion *supra* note 2.