**Willie H. IRVIN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–112–1–MAC.**

United States District Court, M.D. Georgia, Macon Division.

Feb. 21, 1986.

898

Bruce K. Billman, Macon, Ga., for plaintiff.

Frank L. Butler, III, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Plaintiff moves the court for an order awarding him costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d) (West Supp.1985) (hereinafter EAJA) following entry of judgment in his favor on June 26, 1985.

■ A district court may award attorney's fees under EAJA[1] if three factors are satisfied: (1) claimant must be the prevailing party; (2) the application for attorney's fees must be timely filed; and (3) the court must find that the government's position was not substantially justified. *See id.; Taylor v. Heckler,* 778 F.2d 674, 676 (11th Cir.1985). The first two enumerated factors are met in this case; but the third factor, whether or not the government's position was substantially justified, is vigorously contested by the parties.

■ This court found that the Secretary disregarded the administrtive law judge's (ALJ) credibility determinations and that this disregard was not supported by substantial evidence. *See* Order dated July 25, 1985. Additionally, the court found that plaintiff's treating physician diagnosed plaintiff as totally disabled and that this diagnosis was substantiated by the record. *Id.* In its opinion the court concluded that, "The Appeals Council acted without any rational basis in doubting Dr. Cohn's [plaintiff's treating physician] credibility regarding the existence of these items [substantiating evidence not contained in the record]." *Id.* at 4. Further, the court found that the Appeals Council acted without reciting any factual basis regarding its rejection of plaintiff's allegations of severe pain. In short, the court found that the Secretary rejected the opinion of the ALJ and that this rejection was not supported by substantial evidence while the "opinion of the ALJ is supported by substantial evidence on all issues." *Id.* at 4. Accordingly, it is difficult to conclude that the government's position had a reasonable basis in fact. *Cornella v. Schweiker,* 728 F.2d 978, 983 (8th Cir.1984) (where claimant is the prevailing party under EAJA, "the government has the burden to show that its cause has a reasonable basis both in law and fact.")

The government sets forth in its brief the new standard to be applied in evaluating a claimant's complaints of pain. This standard was promulgated as part of the Social Security Disability Reform Act of 1984 and provides in relevant part:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; *There must be medical*

---

1. The Equal Access to Justice Act, 28 U.S.C.A. § 2412(d)(1)(A), (B) (West Supp.1985) provides in relevant part:

   (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

   (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege that the position of the United States was not substantially justified.

*signs and findings*, established by medically acceptable clinical or laboratory diagnostic techniques, *which show the existence of a medical impairment* that results from anatomical, physiological, or psychological abnormalities, which *could reasonably be expected to produce the pain* or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether an individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A) (West Supp.1985) (emphasis added). As the government correctly noted, "plaintiff's subjective complaints cannot, by themselves, serve as conclusive evidence of disability" under this standard. Defendant's Brief in Opposition to Plaintiff's Application for Attorney's Fees Pursuant to 28 U.S.C. § 2412(d) at 6. The Eleventh Circuit has stated that "the record must document by medically acceptable clinical or laboratory diagnostic techniques the existence of a medical impairment which would reasonably be expected to produce the symptoms of which claimant complains: There need not be objective evidence of the pain itself." *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir.), *reh'g en banc granted* and *opinion vacated*, 774 F.2d 428 (11th Cir.1985).

As the court's opinion of June 26, 1985, notes, there was objective evidence in the record that documented by medically acceptable diagnostic techniques the existence of a medical impairment which would reasonably be expected to produce pain. Plaintiff's x-rays showed encroachment of the IV foramen at L4–5 and L5–S1 by

posterior lipping of the L4–5 vertebral bodies. Additionally, Dr. Cohn, claimant's treating physician, stated that in his opinion Mr. Irvin was presently totally disabled. Dr. Cohn consulted another physician who confirmed his diagnosis. The Appeals Council evidently chose to disregard Dr. Cohn's conclusion because the consulting physician's report was not part of the record. This decision by the Appeals Council is not reasonably based on the law. "Considerable weight must be given to the opinion of a treating physician." *Spencer on Behalf of Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir.1985) (citations omitted). "Generally a treating doctor's opinion is entitled to more weight than that of a consulting doctor's." *Id.* at 1093–1094 (quoting *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir.1984)). Finally, only when there is good cause to the contrary, may the weight given to a claimant's treating physician be rejected. *See Broughton v. Heckler*, 776 F.2d 960 (11th Cir.1985); *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982). Thus the Secretary's decision to discount Dr. Cohn's diagnosis is not reasonably based on the law as there was not good cause to the contrary.

Nevertheless, the court's inquiry into the propriety of attorney's fees under EAJA does not stop here. This circuit had determined that the court must also take into account the salient factors listed in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974). *See Watford v. Heckler*, 765 F.2d 1562, 1565, n. 3 (11th Cir. 1985); *Florida Suncoast Villas, Inc. v. United States*, 776 F.2d 974, 975 (11th Cir. 1985). Accordingly, the court will review each of the factors listed in *Johnson, supra, seriatem* to determine whether plaintiff's claim for attorney's fees is appropriate on the facts of this case.

(1) *The time and labor required.* The government has not disputed the hours plaintiff has claimed in this case. The court finds the request for 27 hours, 50 minutes of work plus 1 hour, 15 minutes spent to prepare the motion for attorney's fees, and 1 hour spent on the response to

the Secretary's memorandum in opposition to be reasonable.

(2) *The novelty and difficulty of the questions.* While this is not a case of first impression, Mr. Billman, plaintiff's attorney of record, did expend time in researching and bringing to the court's attention a recent Eleventh Circuit decision focusing on the relationship between attorney's fees under EAJA and the attorney's fees section of the Social Security Act, 42 U.S.C. § 406(b)(1). The court considers the time expended to be reasonable in view of the novelty and difficulty of the issues presented.

(3) *The skill requisite to perform the legal services properly.* As the briefs filed by plaintiff in this case amply demonstrate, Mr. Billman is unquestionably conversant with the complexities of the Social Security Act and case law in this circuit. The court finds that this factor is easily met.

(4) *The preclusion of other employment by the attorney due to acceptance of the case.* Obviously, the thirty odd hours spent on this case precluded Mr. Billman from working on another matter. The court finds this factor satisfied.

(5) *The customary fee.* Mr. Billman requested $71.18 an hour for the initial 27 hours, 50 minutes spent on the case, and $75.00 an hour for the time spent on the motion for attorney's fees and response to the government's brief in opposition. EAJA specifies a maximum rate of $75.00 per hour "unless the court determines that ... a special factor ... justifies a higher fee." 28 U.S.C.A. § 2412(d)(2)(A) (West Supp.1985). The court concludes that the requested hourly rate is reasonable.

(6) *Whether the fee is fixed or contingent.* Mr. Billman has expressly affirmed to the court that in no event will there be a double recovery in this case, and that any EAJA award will be used to credit or reimburse plaintiff up to any amount awarded under 42 U.S.C. § 406(b)(1). The court is satisfied that counsel will live up to his avowed intention.

(7) *The limitations imposed by the client or the circumstances.* The court is without sufficient information to form a belief regarding this factor. However, the court does not believe this factor is dispositive in view of all the circumstances in this case.

(8) *The amount involved and results obtained.* Obviously, claimant was the prevailing party in this case. The decision in this case does not impact on a large class of people, although it is obviously of considerable import to Mr. Irvin. The court does not believe this is the type of case that would justify a fee above the statutory rate due to its effect on the law in general.

(9) *The experience, reputation, and ability of the attorney.* The court believes that Mr. Billman is generally recognized as a skilled advocate in the area of Social Security law. The requested fee is reasonable in light of this factor.

(10) *The undesirability of the case.* Although some attorneys would not care to specialize in Social Security law, the court does not believe that this is the kind of *cause celebre* that would justify a fee higher than the statutory rate.

(11) *The nature and length of the professional relationship with the client.* Mr. Billman apparently had no connection with Mr. Irvin before the case. However, the court believes that the requested fee is reasonable vis-a-vis this factor.

(12) *Awards in similar cases.* The fee requested in this case is commensurate with awards in other cases of this nature.

CONCLUSION

As the foregoing demonstrates, the court does not believe that the government's position was substantially justified pursuant to EAJA, 28 U.S.C.A. § 2412(d) (West Supp.1985). Furthermore, the court finds that the requested fee is reasonable as specified in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1975). Therefore, plaintiff's motion for attorney's fees is GRANTED. The government is directed to pay Mr. Billman the sum of two

thousand one hundred and fifty dollars and no cents ($2,150.00).