Shelly **MARTINDALE**, Jr.,
Plaintiff–Appellee,

v.

Louis W. **SULLIVAN**, Secretary of Health and Human Services, Defendant–Appellant.

No. 89–7105.

United States Court of Appeals, Eleventh Circuit.

Dec. 13, 1989.

---

Frank W. Donaldson, U.S. Atty., Jenny L. Smith, Marvin Neil Smith, Jr., D. Wayne Rogers, Jr., Asst. U.S. Attys., Birmingham, Ala., for defendant-appellant.

Lisa Janet Naas, Legal Services of North–Central Alabama, Decatur, Ala., for plaintiff-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and PECKHAM *, Senior District Judge.

* Honorable Robert F. Peckham, Senior U.S. District Judge for the Northern District of California, sitting by designation.

**PER CURIAM:**

The only issue presented in this appeal is whether the district court's order under 42 U.S.C.A. § 405(g) reversing the decision of the Secretary of Health and Human Services to deny disability benefits to Martindale was a "final judgment" which, when no longer appealable, commenced the thirty day period in which an application could be made for attorney's fees under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d) ("EAJA").

On June 15, 1988, the district court entered an order which read, in pertinent part: "[I]t is hereby ORDERED, ADJUDGED and DECREED that the decision of the Secretary is REVERSED, and this action is REMANDED to the Secretary for an award of benefits." Upon "remand," as directed by the district court, the disability benefits were awarded. On September 23, 1988, upon Martindale's motion, the district court entered an order "dismissing" the case. On October 20, 1988, Martindale filed an application for attorney's fees under the EAJA. This application was filed within thirty days of the court's order "dismissing" the case but more than four months after the decision of the Secretary to deny benefits was reversed and remanded by the court "for an award of benefits." On November 30, 1988, the district court entered an order awarding attorney's fees, rejecting the Secretary's argument that the fee petition was untimely and holding that the September 23, 1988 order was the "final judgment" for purposes of the EAJA. *See* 28 U.S.C.A. § 2412(d)(2)(G).

In *Taylor v. Heckler*, 778 F.2d 674 (11th Cir.1985), this Court considered the question of what is a "final judgment" for EAJA purposes. We held that a court order remanding a case to the Secretary for further administrative proceedings is an interlocutory order and not a final judgment. *Id.* at 677–78; *see also Farr v. Heckler*, 729 F.2d 1426 (11th Cir.1984); *Howell v. Schweiker*, 699 F.2d 524 (11th Cir.1983). In such a situation, we held that

"a claimant who has obtained a remand order from the district court cannot apply for a fee under the [EAJA] until the administrative process has come to an end and the district court has entered a final judgment." *Taylor,* 778 F.2d at 677–78. In *Taylor,* we found the "final judgment" to be the district court's post-remand order dismissing the case, which followed the Secretary's decision on remand to award the claimed benefits. *See id.* at 678 & n. 5. The Supreme Court has recently discussed the finality of remand orders under the EAJA in terms consistent with *Taylor,* observing that "[t]he Secretary concedes that a remand order from a district court to the agency is not a final determination of the civil action and that the district court 'retains jurisdiction to review any determination rendered on remand.'" *Sullivan v. Hudson,* — U.S. —, 109 S.Ct. 2248, 2255, 104 L.Ed.2d 941 (1989).

*Taylor* and *Hudson,* however, do not support affirmance of the district court's judgment in this case. An order remanding a case for further administrative proceedings is completely different from an order such as the one entered by the district court on June 15, 1988 in this case. The district court's order determined that Martindale was entitled to benefits and ordered the Secretary to award the benefits. Although styled as a "remand," the order

left nothing further to be done except to execute the judgment. The Secretary had no authority to conduct further administrative proceedings, consider any new evidence, or exercise any discretion about whether or not to award Martindale the disputed benefits. The district court awarded the disability benefits as claimed.[1]

*Taylor* did observe that "[t]his circuit treats *all* remand orders to the Secretary as interlocutory orders, not as final judgments." *Id.* at 677 (emphasis in original). It is clear from the language, context, and logic of *Taylor* and *Hudson,* however, that the "remand" contemplated by those cases is a remand for further administrative proceedings, in which the Secretary would exercise further independent judgment as to whether to "grant or deny benefits to the claimant in light of the district court's decision." *Taylor,* 778 F.2d at 677. Such proceedings would be followed, if necessary, by judicial review of "any determination rendered on remand." *Hudson,* 109 S.Ct. at 2255.[2] There was no occasion for any further administrative decisionmaking on remand in this case, nor for any further judicial review by the district court.[3] We find this case analogous to *Tallahassee Memorial Regional Medical Center v. Bowen,* 815 F.2d 1435 (11th Cir.1987), *cert. denied,* 485 U.S. 1020, 108 S.Ct. 1573, 99 L.Ed.2d 888 (1988), where we found that a

1. Martindale argues that the district court left open the issue of when the onset of disability occurred and what the precise calculation of benefits would be. The record does not support this. The Administrative Law Judge, in his original January 30, 1987 decision, found "no conflict in the evidence" that Martindale's disability commenced on March 14, 1986. This was not subsequently disputed by any party. The only dispute before the district court concerned whether the disability was temporary or permanent. There was likewise no dispute about what benefits Martindale would be entitled to if the disability were found to be permanent. The Secretary's computation of benefits on remand was a purely mechanical and ministerial function which did not constitute "further administrative proceedings" for present purposes.

2. *Hudson* involved remand of a case to the Secretary for reconsideration under different legal standards, with provision for a supplemental hearing "to adduce additional evidence." *See id.* at 2252. *Hudson* observed that "[a]s in this case, there will *often* be no final judgment in a claimant's civil action for judicial review until

the administrative proceedings on remand are complete." *Id.* at 2255 (emphasis added). *Hudson* is thus perfectly consistent with the conclusion that a judgment is "final" for EAJA purposes where nothing remains on "remand" but to award benefits as ordered by the court.

3. The fact that the district court styled its order as a "remand," rather than directly ordering the award of the disputed benefits, is not dispositive. To hold otherwise would elevate form over substance. We recognize that Martindale may have been unintentionally misled by the district court's phrasing. The district court's characterization of its final judgment as an interlocutory remand cannot make it so, however. *See General Television Arts, Inc. v. Southern Ry. Co.,* 725 F.2d 1327, 1331 n. 5 (11th Cir.1984) ("Unfortunately for the appellant ... a district court mislabeling a non-final judgment 'final' does not make it so."). We would suggest that verbal confusion may be avoided in the future by terming an order a "remand" only where further independent judgment on the part of the Secretary is called for.

district court order remanding a case to the Secretary "for further consideration" was final because in fact the Secretary could have taken only one course of action on remand. "Thus," we held, "as far as the district court was concerned, the litigation of the merits was completed." *Id.* at 1443 n. 12.[4]

The district court's June 15, 1988 order was the final judgment in this case. Martindale's October 20, 1988 application for attorney's fees fell outside the time limit provided by the EAJA.[5] Therefore, the district court's November 30, 1988 order awarding attorney's fees to Martindale was entered without jurisdiction. *See United States v. J.H.T., Inc.,* 872 F.2d 373, 375 (11th Cir.1989).

REVERSED.

---

**4.** *Tallahassee* dealt with the finality of a judgment under 28 U.S.C.A. § 1291. As *Taylor* itself noted, however, there is no reason to construe the concept of finality differently under the EAJA. *See* 778 F.2d at 677.

**5.** 28 U.S.C.A. § 2412(d)(2)(G) defines a "final judgment" for EAJA purposes as "a judgment that is final and not appealable." Thus, the thirty day period provided by 28 U.S.C.A. § 2412(d)(1)(B) would not begin to run following an appealable judgment until the time for filing a notice of appeal expired. *See James v. United States Dep't of Housing and Urban Dev.,*

783 F.2d 997, 999 (11th Cir.1986) ("final judgment" under EAJA "mean[s] the date on which a party's case has met its final demise, [such] that there is nothing further the party can do to give it life"). With regard to the June 15, 1988 order in this case, the time limit for applying for attorney's fees terminated on September 13, 1988, thirty days following the expiration, on August 14, 1988, of the sixty day period for filing an appeal under Fed.R.App.P. 4(a)(1). *Cf. James,* 783 F.2d at 998–99 & n. 2 (EAJA application not untimely merely because filed *before* final judgment became nonappealable).