956 F.2d 234
 36 Soc.Sec.Rep.Ser. 298, Unempl.Ins.Rep. (CCH) P 16522A
Laurene BAKER, On Behalf of Melinda BAKER and Hosie Baker,
Jr., Plaintiffs-Appellants,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-3041,
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 March 17, 1992.
 
 Lester C. Wisotsky, Greater Orlando Area Legal Services, Inc., Orlando, Fla., for plaintiffs-appellants.
 Ralph E. Hopkins, Asst. U.S. Atty., Orlando, Fla., Sharon F. Adams, Office of General Counsel, HHS, Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and TUTTLE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Laurene Baker appeals from the order of the trial court denying her motion for attorney's fees as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412.
 
 
 2
 A brief statement of the case reveals that Ms. Baker had filed a claim in 1979 which had been denied administratively by the Secretary. This denial had been affirmed by the district court. Then, Ms. Baker filed a renewed claim in 1979 and a new claim for 1985. The Secretary denied both claims and the trial court affirmed. On appeal to this Court, we affirmed the denial of the renewed 1979 claim but reversed the denial of the 1985 claim. 880 F.2d 319. We remanded the case to the district court for the entry of "an appropriate" order.
 
 
 3
 Upon remand, plaintiff filed a motion seeking an order directing the Secretary to grant the plaintiff's claims. The court remanded the case to the administrative law judge with directions to follow the mandate of the Court of Appeals. The ALJ, acting for the Secretary, entered an order requiring payment of the claim. The district court then referred the issue to a magistrate judge for consideration. The magistrate judge recommended approval of the Secretary's decision. The trial court then adopted the report and recommendation of the magistrate judge and entered an order granting the plaintiff the relief she had sought. This judgment was entered on December 8, 1989. On February 12, 1990, Ms. Baker filed a motion for attorney's fees. The trial court again referred this issue to the magistrate judge who recommended disallowance of the motion for attorney's fees, stating that the application for fees was untimely since more than 30 days had expired after the final judgment.
 
 
 4
 The Equal Access to Justice Act requires the district court to:
 
 
 5
 award a prevailing party other than the United States fees and other expenses ... incurred by the party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2512(d)(1)(A).
 
 
 6
 The claimant must file an application for fees "within 30 days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).
 
 
 7
 The only questions before us are: (1) what was the final judgment; and (2) when does the 30 day period begin to run?
 
 
 8
 (1) Consistent with this Court's decision in Martindale v. Sullivan, 890 F.2d 410 (11th Cir.1989), we find that the final judgment in this case is the order of the district court that directs the Secretary to pay the claimant's benefits since there were no further administrative proceedings available to the Secretary. This judgment was entered on December 8, 1989.
 
 
 9
 (2) The next question is: When did the 30 day period for filing for attorney's fees begin to run? As we stated in Martindale, supra: "28 U.S.C. § 2314(d)(2)(G) defines a 'final judgment' for EAJA purposes as 'a judgment that is final and not appealable.' " Thus, the 30 day period provided by 28 U.S.C. § 2412(d)(2)(G) would not begin to run following an appealable judgment until the time for filing a notice of appeal expired. See Martindale at 413, n. 5.
 
 
 10
 Since the United States may file a notice of appeal in a civil action, within 60 days of the final judgment, the date from which the 30 day period commenced was February 6, 1990. Thus, the 30 day period within which the application for attorney's fees was timely was March 8, 1990.
 
 
 11
 The Secretary contends that instead of the district court's judgment being the "final" judgment in this case, this Court's decision mandating the remand to the district court for an "appropriate" order was the final judgment. The government then contends that following the expiration of the 90 day period within which a petition for a writ of certiorari to the Supreme Court could have been filed, the 30 days commenced running. No cases are cited by the government to support this theory and we are aware of none. Therefore, since the application for attorney's fees was filed on February 12, 1990, we conclude that it was timely filed.
 
 
 12
 The case must therefore be remanded to the trial court with directions to determine whether attorney's fees are justified and, if so, in what amount.
 
 
 13
 REMANDED with directions.