**Effie M. SAVAGE, et al., Plaintiffs,**

**v.**

**Barrett TOAN, Joseph O'Hara, Director, Missouri Division of Social Services, Margaret M. Heckler, Secretary of the Department of Health and Human Services, Defendants.**

No. 84–4292–CV–C–5.

United States District Court,
W.D. Missouri,
Central Division.

April 22, 1986.

James Marshall Smith, Legal Aid, Kansas City, Mo., for plaintiffs.

Paul Keller, Kathleen Wojciehowski, Dept. of Social Services, Jefferson City, Mo., Linda Parker, F.O. Griffin, Jr., U.S. Atty's. Office, Kansas City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court is plaintiffs' motion for attorney's fees. For the reasons set forth below, plaintiffs will not be awarded attorney's fees under the Equal Access to Justice Act (EAJA), but will be awarded fees against both the state and federal defendants under 42 U.S.C. § 1988.

■ Plaintiffs' motion for fees against the federal defendant under the EAJA must be overruled because the Court finds that the Secretary's position herein was "substantially justified." The proper construction of 42 U.S.C. § 1396a(f) is a matter subject to legitimate dispute. *See Morris v. Morrow,* 601 F.Supp. 1184, 1188 (W.D.N.C.1984), *rev'd,* 783 F.2d 454 (4th Cir.1986). There is no indication that the federal defendant lacked good faith in taking its position in this litigation. Accord-

ingly, the Court cannot say that the federal defendant lacked substantial justification. *See Keasler v. United States,* 766 F.2d 1227, 1231 (8th Cir.1985).

■ Turning to plaintiffs' motion for attorney's fees against the State defendants, the Court finds that plaintiffs are entitled to fees under 42 U.S.C. § 1988.[1] Plaintiffs clearly prevailed herein against the State defendants under 42 U.S.C. § 1983.[2] Consequently, they are presumptively entitled to fees under § 1988 unless special circumstances dictate otherwise. Here, the State defendants argue that such special circumstances exist because they essentially agreed with plaintiffs' position in this litigation and never opposed plaintiffs' legal or factual arguments herein. Although it is true that the State defendants have maintained throughout this case that they changed their Medicaid eligibility regulations only because they were pressured to do so by the federal defendant, the Court does not believe that this fact immunizes them from attorney's fees liability. The fact remains that the State's change in regulations precipitated this lawsuit. If the State fully agreed with the plaintiffs' position, it could have withstood the federal government's pressure and initiated a lawsuit challenging the Secretary on its own. By giving in to federal pressure, however, the State threw the monkey onto plaintiffs' backs and forced plaintiffs to take the initiative. Thus, as between plaintiffs and the State defendants, the Court finds that there are no "special circumstances" which would make an award of fees against the State defendants unjust. *See Knights of the KKK v. East Baton Rouge Parish School Bd.,* 643 F.2d 1034, 1040–41 (5th Cir.1981) (local school board liable for fees under § 1988 notwithstanding fact that local defendants' actions were prompted by

---

1. Section 1988 provides in relevant part:
   "In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

2. Ordinarily, § 1983 is invoked to redress deprivations of federal constitutional rights; how-

ever, § 1983 also is available to redress deprivations of certain federal statutory rights. In particular, an aggrieved individual may assert his rights under certain federal categorical assistance programs under § 1983. *See Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *see also Nebraska Health Care Ass'n v. Dunning,* 778 F.2d 1291, 1295 (8th Cir.1985).

federal pressure); *see also Espino v. Besteiro*, 708 F.2d 1002, 1005–06 (5th Cir.1983) (defendant's "good faith" is not a "special circumstance"); *Kirchberg v. Feenstra*, 708 F.2d 991, 999 (5th Cir.1983) (same); *see generally Riddell v. National Democratic Party*, 624 F.2d 539, 543–47 (5th Cir.1980) (burden of proof regarding "special circumstances" is on defendant); *Williams v. Miller*, 620 F.2d 199, 202 (8th Cir.1980) (same).

■ Turning to plaintiffs' motion for attorney's fees under § 1988 and 28 U.S.C. § 2412(b)[3] against the federal defendant, the Court holds in favor of plaintiffs. It is true that attorney's fees cannot be assessed against a federal defendant under § 1988 and § 2412(b) where the defendant did not act under color of state law. As the Eighth Circuit explained in *Premachandra v. Mitts*, 753 F.2d 635 (8th Cir. 1985): (1) where there is no allegation that the federal defendant acted under color of state law, no § 1983 liability can exist; (2) where § 1983 liability does not exist, attorney's fees liability under § 1988 cannot exist; and (3) where there is no statute specifically providing for the recovery of attorney's fees, § 2412(b) does not allow the recovery of attorney's fees. *Id.* at 637. In short, the *Premachandra* court held that attorney's fees may not be assessed against a federal defendant "in cases *analogous* to section 1983 actions." *Id.* at 638 (emphasis added).

■ The instant case, however, is *not* "analogous" to a § 1983 action. It *is* a § 1983 action. The federal defendant engaged in joint and concerted activity with the State defendants and thereby violated plaintiffs' federal statutory rights. As noted above, the State defendants were held liable under § 1983. Similarly, the federal

defendant was sued under § 1983. The only real question is whether the federal defendant can be said to have acted "under color of state law."[4] The Court finds that the instant case is indistinguishable from *Knights of the KKK v. East Baton Rouge Parish School Bd.*, 735 F.2d 895 (5th Cir. 1984), wherein the Court ruled that the federal government was liable for attorney's fees under § 1988 and § 2412(b) because it had acted "under color of state law" by pressuring a local school board to violate the plaintiff's first amendment rights. *See id.* at 899–900.[5] Here, the federal defendant similarly acted "under color of state law" by pressuring the State defendants to violate plaintiffs' Medicaid rights. It is well-settled that a defendant need not be a state official to be liable under § 1983; instead, it is sufficient that the defendant engaged in joint and concerted activity with a state official. *See Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Annunziato v. The Gan, Inc.*, 744 F.2d 244, 249–52 (2d Cir.1984). The Court finds that the federal defendant acted "under color of state law" by impacting on plaintiffs through the State, just as a private individual would act "under color of state law" by bribing or blackmailing a state official to violate the plaintiffs' protected rights. *See Dennis v. Sparks*, 101 S.Ct. at 186–87; *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 2756, 73 L.Ed.2d 482 (1982).

In short, the federal defendant was adjudged liable in this lawsuit directly under § 1983. Accordingly, plaintiffs are entitled to attorney's fees from the federal defendant directly under § 1988 and not by analogy. Therefore, *Premachandra* is not controlling and plaintiffs are entitled to their attorney's fees under § 2412(b).

---

**3.** Section 2412(b) provides:

"Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any

other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."

**4.** *See Martin v. Heckler*, 773 F.2d 1145, 1152–55 (11th Cir.1985).

**5.** The holding of *Knights of the KKK* has been cited with approval by the Eighth Circuit. *See Premachandra*, 753 F.2d at 641 n. 7.

In accordance with the foregoing, it is hereby

ORDERED that plaintiffs' motion for attorney's fees against the federal defendant under the EAJA is overruled. It is further

ORDERED that plaintiffs' motion for attorney's fees against the State and federal defendants under § 1988 is sustained. The State and federal defendants are jointly and severally liable for plaintiffs' reasonable attorney's fees. It is further

ORDERED that, within twenty (20) days of this date, plaintiffs shall submit an itemized statement which sets forth their attorney's fees and expenses. Defendants shall have ten (10) days thereafter to challenge the reasonableness of the amounts listed by plaintiffs.