**DRUID HILLS CIVIC ASSOCIATION, INC., et al.**

v.

**FEDERAL HIGHWAY ADMINISTRATION, et al.**

**Civ. No. C–84–1931–A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 23, 1986.

David Walbert, Atlanta, Ga., for plaintiffs.

Miles Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendants.

## ORDER

O'KELLEY, District Judge.

Presently before the court are plaintiffs' motion for attorneys' fees, costs, and ex-

penses; federal defendants' motion for summary judgment and plaintiffs' conditional motion for voluntary dismissal as to the subject matter of federal defendants' motion for summary judgment; and plaintiffs' motion to allow filing of amendment to and clarification of plaintiffs' brief in support of plaintiffs' application for fees, costs, and expenses.

## FACTS

Plaintiffs filed their complaint in this case on September 28, 1984. The complaint challenged the May 22, 1984 administrative decision approving the construction of the Presidential Parkway under section 4(f) of the Department of Transportation Act of 1966, 49 U.S.C. § 303 (1982), and the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. §§ 4321–4347 (1982), and on other grounds that are no longer relevant. The complaint requested both declaratory and injunctive relief. This court consolidated the application for preliminary injunction with the trial on the merits. The trial was held October 22–25, 1984. By order dated November 14, 1984, this court denied both plaintiffs' motion to enjoin construction of the Parkway and for an injunction pending appeal.

Plaintiffs' appealed this decision to the Eleventh Circuit Court of Appeals. On September 16, 1985, the Eleventh Circuit rendered its opinion affirming this court's decision in most respects. *Druid Hills Civic Association v. Federal Highway Administration*, 772 F.2d 700 (11th Cir.1985). The Eleventh Circuit found, however, that this court erred in finding that the defendants section 4(f)(2) decisions concerning the Decatur Parkway and the two Moreland Avenue plans were adequate because the Eleventh Circuit found that the EIS did not provide the predicate facts on which to make a reasoned judgment. The Eleventh Circuit remanded this case for the Secretary of Transportation to make adequate findings of the impact on 4(f) properties caused by the Decatur Parkway and the two Moreland Avenue plans. *Id.* at 718–19. By order of November 15, 1985, the mandate of the Eleventh Circuit was made the judgment of this court.

On January 13, 1986, plaintiffs filed a motion for an award of attorneys' fees, costs, and expenses. Plaintiffs' basis for this motion is that plaintiffs were the prevailing party in this action pursuant to the decision and judgment of the Eleventh Circuit.

After remand the state and federal defendants undertook additional analysis and made additional findings as described in the *Addendum.* (A.R. II–11). After complying with the administrative procedures, the Secretary of Transportation on April 25, 1986, determined that there was no prudent and feasible alternative to the construction of the Presidential Parkway and that the project includes all possible planning to minimize harm. On June 6, 1986, the federal defendants filed this motion for summary judgment asking the court to determine the adequacy of the federal defendants' findings pursuant to 49 U.S.C. § 303 (1982).

## DISCUSSION

I.  *Federal Defendants' Motion for Summary Judgment.*

   A.  *Whether Defendants' Motion for Summary Judgment is Properly Before this Court?*

Plaintiffs contend that the Federal Highway Administration's (FHWA) motion for summary judgment asks this court to approve the agency's administrative decision in an advisory opinion. It is plaintiffs' position that the new administrative decision made by defendants in April has never been challenged by the complaint in this case, and therefore, there can be no basis for an action in this case.

Whether defendants motion for summary judgment is properly before the court depends primarily on whether by adopting the mandate of the Eleventh Circuit, which remanded this case for the Secretary of Transportation for additional fact-finding, this court has entered a final judgment. The court finds that this issue is controlled by *Taylor v. Heckler,* 778 F.2d 674 (11th Cir.1985) and this court's adoption of the

Eleventh Circuit mandate does not constitute a final judgment.

*Taylor* involved a remand by a district court to an administrative agency. In *Taylor* the Eleventh Circuit said "[t]his circuit treats *all* remand orders to the Secretary as interlocutory orders, not as final judgments." *Id.* at 677 (emphasis in original) (citing *Howell v. Schweiker*, 699 F.2d 524 (11th Cir.1983); *Tookes v. Harris*, 614 F.2d 1296 (5th Cir.1980)). This court can find no authority for treating a remand to the Secretary of Health and Human Services differently than a remand to the Secretary of Transportation.

Having decided that the adoption of the Eleventh Circuit's mandate does not constitute a final judgment, the court will next consider plaintiffs' contention that there is no case or controversy before the court and any decision on federal defendants' motion for summary judgment would constitute an advisory opinion. A controversy must be definite and concrete touching the legal relations of parties having adverse legal interests. *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 239, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). The plaintiffs claim that there is no case or controversy because they do not challenge the recent 4(f) findings but only the 4(f) findings made by defendants in 1984.

By reversing a judgment of the district court, the appellate court voids the lower court's findings. *Atlantic Coast Line Railroad v. Saint Joe Paper Co.*, 216 F.2d 832 (5th Cir.1954), *cert. denied*, 348 U.S. 963, 75 S.Ct. 522, 99 L.Ed. 7510 (1955). In this case the Eleventh Circuit voided this court's decision that the Secretary of Transportation had made adequate 4(f) findings with regard to the Decatur Parkway and Moreland Avenue plans. For this reason, the court finds that the 4(f) issue first raised in the complaint still exists concerning the three alternatives about which the court of appeals reversed and remanded to this court. The 1986 findings supplement the 1984 findings that the court of appeals determined were not adequate.

### B. *Plaintiffs' Alternative Motion for Voluntary Dismissal.*

If an answer or a motion for summary judgment has been served, plaintiff's right to dismiss by simply giving notice ends. In this case the defendants have refused to stipulate to dismissal; therefore, plaintiff must have the permission of the court to dismiss. Fed.R.Civ.P. 41(a).

The purpose of rule 41(a)(2) is to prevent voluntary dismissals that may unfairly affect the other side. For this reason, courts have generally allowed dismissals unless the defendants will suffer some legal prejudice other than a second lawsuit. *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366 (5th Cir.1967); 9 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2364 (1971).

In this case the court finds that dismissal at this stage would result in prejudice to the defendants. This case has been in litigation for more than two years. The defendants have spent a great deal of time and money in preparing the new findings. Accordingly, the equities in this case fall in favor of denying plaintiffs' motion for voluntary dismissal.

### C. *Plaintiffs' Request for Interlocutory Appeal.*

Plaintiffs request that, if this court finds that there is a case or controversy before the court and that plaintiffs' voluntary motion to dismiss should be denied, the court allow plaintiffs to file an interlocutory appeal from such decisions pursuant to 28 U.S.C. § 1292(b).

There are three prerequisites set forth in 28 U.S.C. § 1292(b) that must be met before a court should allow an interlocutory appeal: (1) the appeal must concern a controlling question of law; (2) there must be a substantial ground for difference of opinion about this controlling question of law; and (3) the appeal must materially advance the ultimate determination of the litigation.

With regard to plaintiffs' motion for voluntary dismissal, generally matters that are within the court's discretion are not

matters about which a court should grant an interlocutory appeal. *See Allen v. Mississippi Commission of Law Enforcement,* 424 F.2d 285 (5th Cir.1970). Although whether there is a case or controversy before this court concerns a controlling question of law, there is clear precedent in this circuit for this court's position. The court finds that allowing plaintiff to file an interlocutory appeal on these issues would result only in undue delay. Accordingly, plaintiff's request to file an interlocutory appeal is denied.

### D. *Plaintiffs' Request for a Grant of a Ninety-Day Discovery Period.*

■ When a case has been reversed and remanded, the district court has discretion concerning whether any additional discovery should be permitted. The question before the court on federal defendant's motion for summary judgment is whether the administrative record upon which the defendants relied in making their decision is adequate to support their findings. The same administrative record that the defendants relied upon is before this court. Consequently, the court does not find that additional discovery would aid the resolution of this question. The court, therefore, denies plaintiffs' request for an additional ninety-day discovery period.

### E. *Merits of Federal Defendants' Summary Judgment Motion.*

After careful review of the record the court grants federal defendants' motion for summary judgment.[1] " 'The summary judgment procedure is particularly appropriate in cases in which the court is asked to review ... a decision of a federal administrative agency.' " *Florida Fruit & Vegetable Ass'n v. Brock,* 771 F.2d 1455, 1459 (11th Cir.1985) (quoting 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and*

*Procedure, Civil 2d* § 2733 (1983)); *Holley v. Seminole County School District,* 755 F.2d 1492, 1499–1500 n. 5 (11th Cir.1985). Summary judgment is particularly appropriate in cases such as this one because the court considers the same record that was before the agency when making its decision. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971); *Brock,* 771 F.2d at 1459; *Ryder Truck Lines, Inc. v. United States,* 716 F.2d 1369, 1378 (11th Cir. 1983).

The court of appeals remanded this case to the Secretary of Transportation "for adequate findings of the impact on 4(f) properties caused by the Decatur Parkway and Moreland Avenue plans." *Druid Hills,* 772 F.2d at 718. The court further directed the Secretary that

[t]his review should encompass an accurate assessment of the characteristics of the property that will be affected by the alternative, e.g., if the property is in a historic district, whether it has been previously impacted by commercial development and if so, to what extent. The Secretary's review must also address the quantity of harm that will accrue to the park or historic site and the nature of that harm, e.g., visual impact or physical taking. It will not suffice to simply state that an alternative route would affect 4(f) properties without providing some rational, documented basis for such a conclusion. In short, the same consideration must be given to whether these alternative routes would minimize harm to the section 4(f) properties as was accorded the adopted route.

*Id.*

Pursuant to these directives, the state and federal defendants undertook additional analysis and made additional findings to

---

1. On July 7, 1986, plaintiffs filed their response to defendants' motion for summary judgment. In that response, plaintiffs addressed the preliminary questions discussed *supra* in this order but did not address the merits of defendants' summary judgment motion. By order of September 16, 1986, the court granted plaintiff until September 22, 1986 to file a brief addressing the merits of defendants' motion and set a hearing on these motions for October 17, 1986. Plaintiffs did not file their brief within the designated time nor have they filed a brief since that time.

In addition to the pleadings filed concerning the defendants' motion for summary judgment, the court also reviewed the exhibits attached to those pleadings in determining the merits of this motion.

comply with the Eleventh Circuit's mandate. On April 25, 1986, after reviewing the *Addendum,* the administrative record and all comments about their new findings, the federal defendants determined that there was no prudent and feasible alternative to the construction of the Presidential Parkway and that the project includes all possible planning to minimize harm. The court finds that the federal defendants' decision complies with the court of appeals' directives.

■ The Supreme Court set forth the standard of review of the Secretary's decisions concerning section 4(f) properties in *Overton Park.* The reviewing court must conduct a three part inquiry. First, the court must determine whether the Secretary properly acted within the scope of her authority. When deciding this, the court must determine whether the Secretary properly construed her authority to approve the use of 4(f) properties only when there were no other feasible and prudent alternatives, and whether the Secretary could have reasonably believed that no such alternatives exist. Second, the court must inquire whether the Secretary's decision was arbitrary, capricious or an abuse of discretion, that is, whether the decision was based on consideration of relevant factors and whether there has been a clear error of judgment. Third, the court must determine whether the Secretary's actions followed the requisite procedural requirements. *Overton Park,* 401 U.S. at 415–17, 91 S.Ct. at 823–24; *Druid Hills,* 772 F.2d at 714.

(1) *Whether the Secretary Acted Properly Within the Scope of Her Authority.*

■ The Secretary's section 4(f) determinations filed with this court substantiates that the Secretary properly construed her authority with respect to section 4(f). In section II of the determinations the federal defendants set forth the relevant inquiries demanded by the Supreme Court's decision in *Overton Park* and the Eleventh Circuit's decision remanding this case to the Secretary. The 4(f) determinations comply strictly with the guidelines set forth in

these cases. For this reason, the court is satisfied that the Secretary properly construed her authority to use 4(f) properties only when there were no other feasible and prudent alternatives.

The court also finds that the Secretary could have reasonably believed that no such alternatives existed. The defendants undertook additional analysis of the three alternatives for which the case was remanded for further findings. Further investigation of the Marbut I plan revealed that by making certain changes in that plan, the plan would not require the use of any section 4(f) land.

An alternative that does not require the use of section 4(f) land must be evaluated under section 4(f)(1) which requires that the Secretary must approve such an alternative unless it is shown that the alternative is not feasible or prudent. "An alternative is feasible if it can be built as a matter of sound engineering.... An alternative is prudent unless there are 'truly unusual factors present in a particular case or the cost or community disruption resulting from alternative routes reached extraordinary magnitudes,' or the alternative routes present 'unique problems.' " *Druid Hills,* 772 F.2d at 715 (quoting *Overton Park,* 401 U.S. at 411, 413, 91 S.Ct. at 821, 822).

■ Federal defendants determined that Marbut I was imprudent because it failed to meet the needs of the project and adversely impacted air quality. In analyzing Marbut I, the defendants made the following findings:

The already severe congestion at Ponce de Leon Avenue and Moreland Avenue/Briarcliff Road and other area intersections would worsen. Safety on Ponce de Leon Avenue would be improved to the west of Moreland Avenue but worsen to the east. Therefore, there is a shift of the safety problem but not a solution. Filter through traffic diverting around the bottleneck at Ponce de Leon Avenue and Moreland Avenue/Briarcliff Road would be increased. This results in a continuation or worsening of the prob-

lem. When viewing the already unacceptable safety and congestion problems, this alternative does the worst job of addressing the project transportation need.

(A.R. II–14 at 19–20.) The defendants also found that the Marbut I alternative would probably violate National Ambient Air Quality Standards (NAAQS) for carbon monoxide at the Ponce de Leon Avenue and Moreland Avenue/Briarcliff Road intersection. There are residences in close proximity to this intersection. For this reason, the defendants found that the potential exists for adverse public health effects. Thus, it was reasonable for the Secretary to find that there was no alternative to the use of 4(f) properties since the only alternate not using 4(f) properties failed to meet the transportation needs of the project and adversely impacted air quality in the project area.

> (2) *Whether the Secretary's Decision was Arbitrary, Capricious or an Abuse of Discretion.*

The court must next determine whether the decision to build the Presidential Parkway rather than another alternative using section 4(f) property is based upon consideration of relevant factors and whether there has been a clear error of judgment. Alternatives using 4(f) properties are analyzed under section 4(f)(2). That section requires a balancing process that totals the harm caused by each alternate route to section 4(f) areas and selects the option that does the least harm. *Druid Hills,* 772 F.2d at 716 (citing *Louisiana Environmental Society, Inc. v. Coleman (LES. II),* 537 F.2d 79, 85–86 (5th Cir.1976)).

The federal defendants undertook extensive analysis of the quality and quantity of the section 4(f) properties.[2] (A.R. II–14 at 30–62). The following is a summary of the defendants' findings: the federal defendants determined that the Olmstead Park and Parkways are the primary historic properties effected by the alternatives. The defendants found that all three alter-

natives use more land from the Olmstead Park and Parkways than does the Presidential Parkway. (A.R. II–14 at 59.) Additionally, the defendants found that the Decatur Parkway alternate would require the use of twelve contributing structures from within the Candler Park Historic District and two contributing structures from the Moreland Historic District. The Decatur Parkway was found to have substantial impacts on the Sycamore Historic District. (*Id.* at 59–61.) The defendants found that the Moreland Avenue Termination alternate would require land use from Atkins Park, which would require the relocation of certain contributing gates and walls. (*Id.*) The defendants found that in addition to the Marbut II alternate having a greater impact on the Olmstead Park and Parkways than would the Presidential Parkway, Marbut II would also require the use of certain contributing structures within the Druid Hills Historic District. (*Id.*)

In contrast, the defendants found that the Presidential Parkway would not require the use of any structures from within any historic district. (*Id.*) The Presidential Parkway will not require the use of any land or structures from the Atkins Park Historic District. Although the Presidential Parkway was found to require more land from the Druid Hills Historic District (excluding the Olmstead Park and Parkways) than would the three alternates, the defendants found that the Presidential Parkway did not require the use of contributing structures or landscape within the Druid Hills Historic District.

The court is satisfied after its review of the defendants' analysis that the defendants' decision was based on relevant factors. "The only relevant factor in making a determination whether an alternative route minimizes harm is the quantum of harm to the park or historic site caused by the alternative." *Druid Hills,* 772 F.2d at 716. Only after a route harming parks or historic sites is determined to be the one

---

**2.** This analysis is summarized in the text of the section 4(f) determination. (A.R. II–14 at 30–62).

that minimizes harm does the Secretary have to decide whether the route is feasible and prudent.

In the defendants' analysis, the defendants accurately assessed the characteristics of the 4(f) property effected by the alternatives and also reviewed the quantity of harm that will accrue to the park or historic site and the nature of that harm. *Id.* at 718; A.R. II–14 at 21–62. The administrative record contains sufficient information to enable the Secretary to weigh the damage to the protected properties under each alternative. Thus, it is clear that the defendants thoroughly considered whether these alternative routes would minimize harm to the section 4(f) properties. After completing their thorough analysis, defendants concluded that the Presidential Parkway would result in less harm to parks and historic sites than the alternatives to the Parkway.

There is no evidence that the defendants' decision was a clear error in judgment. When reviewing the defendants' decision this court must only determine whether the Secretary has articulated "a rational connection between the facts found and the choice made." *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 285, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168, 83 S.Ct. 239, 246, 9 L.Ed.2d 207 (1962)). The Secretary's decision is entitled to a presumption of regularity, but this presumption does not shield the decision from a thorough review. *Overton Park*, 401 U.S. at 415, 91 S.Ct. at 823. The court, however, must give deference to agency officials when deciding matters within their area of expertise and not substitute the court's judgment for that of the agency. *National Wildlife Federation v. Marsh*, 721 F.2d 767, 780 (11th Cir.1983). Federal defendants have clearly shown a rational connection between the harm caused by the different alternatives and their decision to build the Presidential Parkway. The court

finds that the defendants' decision to build the Presidential Parkway is not arbitrary, capricious, or an abuse of discretion because it was based upon relevant factors and there is no evidence that defendants' decision reflects a clear error of judgment.

(3) *Whether Federal Defendants' Actions Followed the Necessary Procedural Requirements.*

The final inquiry that the court should make when reviewing a decision of the Secretary of Transportation is whether the Secretary's action followed the necessary procedural requirements. *Overton Park*, 401 U.S. at 417. The plaintiffs did not challenge the Secretary's compliance with section 4(f) procedural requirements in their complaint. *See Druid Hills*, 772 F.2d at 714–15. As was discussed in subsection IA of this order, the 4(f) issue first raised in the complaint still exists concerning the three alternatives about which this case was remanded for Secretary to make further findings. Although it appears that the federal defendants have followed the necessary procedural requirements, it is not necessary for the court to address this issue since the plaintiffs have never challenged defendants' procedural compliance.[3]

■ The court finds that as a matter of law the defendants' supplemental 4(f) findings regarding the Decatur Parkway and two Moreland Avenue plans satisfy the three requirements established by the Court in *Overton Park* for reviewing the Secretary's decisions regarding 4(f) properties. The court also finds that the defendants have complied with the Eleventh Circuit's decision in *Druid Hills Civic Association v. Federal Highway Administration*, 772 F.2d 700 (11th Cir.1985). The court finds that there is no genuine issue as to any material fact remaining in this case. Accordingly, the court grants defendants' motion for summary judgment. *Celotex Corp. v. Catrett*, —— U.S. ——, 106

---

**3.** A review of the administrative record clearly shows that defendants have complied with the necessary procedural requirements. Plaintiffs have not brought defendants compliance into

question on this motion for summary judgment by submitting any evidence to contest compliance as is required by Federal Rule of Civil Procedure 56(e).

S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R. Civ.P. 56(c).

## II. *Plaintiffs' Motion for Attorneys Fees, Costs and Expenses.*

■■■ Plaintiffs have moved for attorneys fees pursuant to 42 U.S.C. § 1988 against the state defendants and 28 U.S.C. § 2412 against the federal defendants. The basis for plaintiffs' motion is that they were the prevailing parties in connection with the phase of litigation which culminated when the Eleventh Circuit affirmed in part, reversed in part, and remanded to the Secretary of Transportation the prior decision of this court in this case. *Druid Hills Civic Association v. Federal Highway Administration,* 772 F.2d 700 (11th Cir.1985).

A party may be awarded attorneys fees if he has prevailed on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980). "For only in that event has there been a determination of the 'substantial rights of the parties,' which Congress deemed was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney." *Id.* In a recent Eleventh Circuit opinion, the court said that "[t]he prevailing party test is 'whether he or she has received substantially the relief requested or has been successful on the central issue' ... or stated another way, whether 'plaintiff's lawsuit was a catalyst motivating defendants to provide the primary relief sought in a manner desired by litigation.'" *Martin v. Heckler,* 773 F.2d 1145, 1149 (11th Cir. 1985) (citations omitted).

In plaintiffs' complaint, the plaintiffs sought to: (1) temporarily restrain, and preliminarily and permanently enjoin defendants from taking any actions toward the construction of the project; (2) set aside as contrary to law and as an abuse of discretion the defendants' approval of the project; (3) award plaintiffs their costs, expenses, and attorneys fees; and (4) further relief as may be appropriate and just. The relief that the plaintiffs contend they received from the Eleventh Circuit when that court remanded the case to the Secretary of Transportation is that the defendants' approval of the project was in part set aside as contrary to law and an abuse of discretion.

In the court of appeals' decision, the court remanded the case for the Secretary of Transportation to make "adequate findings of the impact on 4(f) properties caused by the Decatur Parkway and the two Moreland Avenue plans." *Druid Hills,* 772 F.2d at 718. The reason the court remanded the case was that it determined the reasonableness of the defendants' conclusions concerning these alternates could not be determined from the EIS statement submitted to the courts. *Id.* The court of appeals did not find that the Secretary acted arbitrarily, capriciously, or abused her discretion in making her 4(f) findings. Although the plaintiffs were successful in delaying progress on the Parkway pending the defendants new 4(f) findings, this court cannot find that plaintiffs received any of the relief they requested in their complaint.

The plaintiffs rely primarily on two Ninth Circuit cases to support their position on this issue. *Save Our Ecosystems v. Clark,* 747 F.2d 1240 (9th Cir.1984); *Southern Oregon Citizens v. Clark,* 720 F.2d 1475 (9th Cir.1983). This case is distinguishable from those cases, however, because in those cases the plaintiffs had obtained the relief requested as to certain issues. In this case the plaintiffs did not achieve significant success on any of the issues or obtain any of the relief they sought. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1982). For these reasons, plaintiffs' application for fees, costs, and expenses is denied.

## III. *Plaintiffs' Motion to Amend Their Brief in Support of Their Motion for Fees, Costs, and Expenses.*

■■■ The plaintiff filed a motion on August 18, 1986 requesting the court to allow the plaintiff to file an amendment to their brief in support of plaintiffs' application for fees, costs and expenses. The plaintiff explained that the reason they needed to

**1378**

file an additional brief was that plaintiffs wished to make a brief point concerning federal defendants liability under 28 U.S.C. § 2412(b). In plaintiffs' motion they said their support for the argument they wished to make in the requested brief was the recent decision in *Savage v. Toan,* 636 F.Supp. 156 (W.D.Mo.1986). The court reviewed this case when considering plaintiff's motion for attorneys fees. Because the court found that plaintiffs were not prevailing parties on any issues in this case, there was no reason for the court to reach the further requirements set forth in 28 U.S.C. § 2412(b). The *Savage* decision did not deal with the preliminary issue of whether plaintiffs were prevailing parties on any issues. Since the court is disposing of this motion without reaching the further requirements of section 2412 that were discussed in *Savage,* there is no reason for the plaintiffs to file a supplemental brief. For that reason, plaintiffs' motion to file a supplemental brief is denied as moot.

### CONCLUSION

The court grants federal defendants' motion for summary judgment. The court denies plaintiffs' motion for attorneys' fees, costs and expenses. The court also denies as moot plaintiffs' motion to file a supplemental brief.