**Paul GUZZARDO, Appellant,**

v.

**CITY GROUP, INC., and Artloft
Associates, Respondents.**

**No. 67496.**

Missouri Court of Appeals,
Eastern District.

Sept. 26, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 8, 1995.

Application to Transfer Denied
Dec. 19, 1995.

Michael A. Forst, St. Louis, for appellant.

John B. Greenberg, St. Louis, for respondents.

WILLIAM E. TURNAGE, Senior Judge.

Paul Guzzardo brought suit against Artloft Associates, a limited partnership[1] for a declaratory judgment and mandatory injunction for the maintenance of a party wall. The court sustained a motion to dismiss filed by Artloft and Guzzardo has appealed.

Guzzardo contends an agreement bound Artloft to maintain the party wall or at least an obligation to maintain by implication

---

1. City Group, Inc. and Westminster Development Company, Inc., were named as defendants. It was alleged that they are general partners in Artloft Associates. For ease of reference this opinion will only refer to Artloft as being the defendant.

should be imposed, a city ordinance in force at the time the agreement was made required Artloft to maintain the wall, and that the public has an interest in this case. Affirmed.

Guzzardo and Artloft are successors in title to parties who owned adjoining lots at 1521 and 1523 Washington Avenue in the City of St. Louis. Guzzardo owns the building at 1521 and Artloft the building at 1523. The original owners entered into a party wall agreement in 1916 by which it was agreed that Guzzardo's predecessor in interest would construct a building on its lot with a wall straddling the common boundary between the two lots. The agreement stated that it was binding upon the heirs, successors and assigns of the parties and that it would run with the land.

The agreement provided that the expense of maintaining the party wall including the basement wall, foundation and footings would be borne solely by Guzzardo's predecessor in interest until such time as Artloft's predecessor should use the party wall. The agreement further provided that upon Artloft's predecessor constructing a one story building on its lot that it would pay to Guzzardo's predecessor the sum of $2200. The agreement was silent as to the cost of maintenance after such time as Artloft's predecessor should make use of the wall.

Guzzardo's predecessor constructed a building on its lot which included a basement. Thereafter, Artloft's predecessor constructed a one story building on its lot without a basement.[2]

Guzzardo's petition alleged the foregoing facts and further alleged that the wall has fallen into disrepair as a result of the failure of Artloft to maintain it. It is alleged Guzzardo furnished Artloft a detailed engineering report which described the current condition of the wall and the work necessary to put the wall in good condition. Count I prayed for a declaratory judgment that Artloft is obligated to maintain the party wall, including basement, foundation and footings.

Count II alleged the same facts and prayed for a mandatory injunction to require Artloft to "cease from failing to maintain the party wall" and to require Artloft to perform specific repairs to the wall.

The petition did not allege that the party wall agreement imposed a duty on Artloft to maintain the wall, nor did it allege that Artloft was under a common law duty to maintain.

The court sustained Artloft's motion to dismiss for failure to state facts upon which relief could be granted.

Guzzardo first contends that the court erred in failing to find that he had an easement of support in the wall after finding there was a party wall. It is not clear what Guzzardo is contending in his first point because his petition made no allegation concerning an easement of support nor did it contain any allegation that Artloft had denied Guzzardo access to the wall in order for Guzzardo to maintain it. It is apparent that an easement of support is not the same as an obligation to maintain the wall. In oral argument Guzzardo conceded that Artloft is not obligated by a common law duty to maintain the wall. Guzzardo conceded that *Paola Lodge No. 147 v. Bank of Knob Noster*, 176 S.W.2d 511 (Mo.App.1943), holds that there is no common law duty imposed upon the owner of a party wall which supports another's property to maintain the wall. There was no pleading which even mentioned an easement of support. For that reason the issue of an easement of support will not be discussed.

Guzzardo next contends that the court failed to interpret the party wall agreement to reach reasonable and practical results. As a part of this point, Guzzardo alleged that the contract should have been interpreted as a whole and should be interpreted with reference to the laws that existed at the time and place of the making of the contract and in such manner as to comply with that law. All of these arguments go to the point that Guzzardo contends that the court should have found a duty on Artloft to maintain the wall by implication from the agreement entered into by the predecessors

**2.** It would appear that the building on Artloft's lot is a one story but it may have a partial second story.

in title of the parties. Guzzardo concedes there is no provision in the agreement between the predecessors in title which mentions maintenance of the wall after Artloft's predecessor made use of it, much less which places the obligation upon any party to do so. As noted above, there is no common law duty imposed upon Artloft to maintain the wall, thus Guzzardo must prevail, if at all, under a contract theory. Guzzardo would impose a duty on Artloft to maintain the wall by implication arising from what he claims to be a reasonable construction of the agreement. Guzzardo's contention is answered in *Glass v. Mancuso*, 444 S.W.2d 467, 478[8] (Mo.1969), in which the court stated "No implied provision can be inserted to supply an obligation concerning which the contract is intentionally silent, even though without such provision the contract would be unwise or even operate unjustly."

There is no pleading that the omission in the agreement to place an obligation to maintain the wall on either party was not intentional. That being the case, and the agreement being silent as to the obligation to maintain the wall, an obligation by implication arising from the agreement cannot be placed on Artloft.

 Guzzardo next contends that the public has an interest in the private agreement concerning the party wall because Artloft has applied for or has received loans of public money to rehab its building. There was nothing pleaded in the petition relating to the public having an interest in the agreement by reason of public money being spent on Artloft's property. Such issue was never brought to the attention of the trial court. It is well settled that an appellate court will not convict a trial court of error on an issue which was not placed before the trial court for decision. *In re Marriage of Caby*, 825 S.W.2d 56, 61[4] (Mo.App.1992). In any event, Guzzardo fails to demonstrate the basis for imposing liability on Artloft even if public money went into Artloft's property.

 Guzzardo makes some argument that city ordinances in force at the time the 1916 agreement was made somehow imposed an obligation upon Artloft to maintain the wall. This contention is answered in *Corey v. Losse*, 297 S.W. 32, 32–33[2] (Mo.1927), in which the court stated that in the absence of a contract obligation to keep premises in repair, such duty cannot be imposed by a city ordinance. Here the agreement did not impose an obligation on Artloft, thus city ordinances could not be said to impose a duty to maintain on Artloft.

 Guzzardo finally contends that the court erred in dismissing the petition because by so doing the court allowed Artloft to benefit from its unclean hands. It is further contended that Artloft was estopped from raising any defense to a suit seeking to impose an obligation to maintain the wall. These claims were never presented to the trial court and therefore cannot be used as the basis of error. *Corey, supra.* The doctrine of unclean hands is a matter of defense. " '[O]ne who has engaged in inequitable activity regarding the very matter for which he seeks relief will find his action barred by his own misconduct.' " *Warren v. Warren*, 784 S.W.2d 247, 254[12] (Mo.App.1989) (quoting *Mahaffy v. City of Woodson Terrace*, 609 S.W.2d 233, 238 (Mo.App.1980)).

 Further, equitable estoppel is a shield and is not available as a sword. *Longmier v. Kaufman*, 663 S.W.2d 385, 389 (Mo.App.1983). As stated in *Longmier* such doctrine " 'cannot be used to create a cause of action, if the action did not otherwise exist. Its purpose is not to bring about a gain but to protect from loss.' " *Id.* (quoting *Shaffer v. Hines*, 573 S.W.2d 420, 422 (Mo.App. 1978)). For these reasons, the doctrines of unclean hands and equitable estoppel do not aid Guzzardo in the case.

The petition failed to allege either a common law or contractual duty which imposed upon Artloft the obligation to maintain the party wall. The other grounds raised by Guzzardo on this appeal are wholly inapplicable and do not supply any basis upon which to find that the petition stated facts upon which relief could be granted.

The judgment is affirmed.

CHARLES B. BLACKMAR, Senior Judge, and WHITE, P.J., concur.