Lloyd McMAHAN, Sr. and Mary McMahan, Respondents,

v.

MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, Appellant.

No. 73267.

Missouri Court of Appeals, Eastern District, Hillsboro Division.

Oct. 20, 1998.

Kenard L. Jones, Michael S. Kisling, Jefferson City, for appellant.

V. Kenneth Rohrer, Farmington, for respondent.

RICHARD B. TEITELMAN, Judge.

The State of Missouri, Department of Social Services, Division of Child Support Enforcement ("the State") appeals from a judgment awarding Lloyd and Mary McMahan ("plaintiffs"), who were prevailing parties in their petition for judicial review of the State's underlying agency action, attorney's fees pursuant to Section 536.087 RSMo 1994.[1] On appeal, the State argues that the fee award was error because (1) even though the State did not ultimately prevail in the dispute its position was substantially justified; (2) the underlying agency action was not an "agency proceeding" within the meaning of the statute; (3) the hourly rate which the court granted exceeded that which the statute allows; (4) plaintiffs failed to properly plead they were eligible to receive a fee award; and (5) the court did not state in writing its

---

1. All further statutory references are to RSMo 1994 unless otherwise noted.

reasons for the fee award as the statute requires. We reverse and remand.

### Factual and Procedural Background

This case involves the State's efforts to establish child support from plaintiffs, and whether the State was substantially justified in refusing to make any adjustment in the amount of support for plaintiff Lloyd McMahan in light of his limited income and extraordinary expenses related to his medical disability.

Plaintiffs, who live together, are the parents of Cleveland McMahan (hereinafter, "the minor"), born on December 21, 1978. Trixie Martin is an adult relative of the minor and is his nonparent caretaker. In the fall of 1995, after the minor had begun living with her, she completed forms requesting assistance from the State in obtaining support of a minor child.

Thereafter, pursuant to Section 454.470, the State issued a separate "Notice and Finding of Financial Responsibility" to both Mary and Lloyd McMahan respectively, finding an obligation of support for the minor on the part of each parent. Their income-proportionate amounts of support were found to be $71.00 for Mrs. McMahan and $290.00 for Mr. McMahan; in addition, the State determined both parents would be responsible for providing medical insurance for the minor. These Notices were styled and captioned in the form of legal pleadings, and were served on plaintiffs by the sheriff. The Notices informed plaintiffs that they had the right to respond by requesting an administrative hearing if they wished to contest the findings contained therein, and that if they failed to respond to the Notices within twenty days after receipt, the State would enter legally binding orders against them establishing support in the amount stated in the Notices.

Plaintiffs did respond by requesting an administrative hearing, which was held on March 18, 1996. Present at the hearing in addition to the hearing officer were the plaintiffs; their attorney, Mr. Kenneth Rohrer; Trixie Martin; and Mr. Bill Schmidt, a child support enforcement investigator and Agency witness for the State.[2] The Agency presented its Form 14 and other evidence concerning plaintiffs' income. Plaintiffs did not dispute the accuracy of their stated income; Mrs. McMahan earned $772.00 per month at a part-time minimum wage job, and Mr. McMahan received $1,593.00 per month from a Railroad Retirement pension based on medical disability. However, plaintiffs also presented medical records concerning Mr. McMahan's medical condition and testimony regarding extraordinary expenses necessitated by that condition, including special diet needs and required frequent trips to St. Louis for medical treatment, which totaled approximately $400.00 per month. Based on these expenses, plaintiffs' requested an adjustment from the standard guideline amount in the support obligations of Mr. McMahan.

On April 25, 1996, the administrative hearing officer issued his order and decision.[3] In it, applying standard Rule 88.01 and Form 14 guidelines, he determined that the plaintiffs' total amount of required child support, including $102.91 per month for medical insurance for the minor that Mrs. McMahan was ordered to maintain, would be $533.91. Of this, Mrs. McMahan was ordered to pay support in the amount of $71.00 per month plus the medical insurance; and Mr. McMahan was ordered to pay support in the amount of $360.00 per month. The hearing officer further concluded, without explanation, that the extraordinary expenses related to Mr. McMahan's medical condition did not justify a deviation from the guidelines with respect to child support.

Pursuant to Section 536.110, plaintiffs then filed a petition for judicial review of the final decision and order rendered by the hearing officer. In their petition plaintiffs alleged that the Agency had acted arbitrarily and unreasonably by ignoring uncontroverted evi-

---

2. When we use the term "Agency" herein, we are referring to the Division of Child Support Enforcement.

3. Although technically the State's efforts to establish child support in this matter consisted of two separate cases, one for each parent, the record makes clear that for all intents and purposes the cases were consolidated into one combined administrative hearing and one decision.

dence regarding Mr. McMahan's medical disability and the extraordinary expenses resulting from it, and by rigidly applying the Rule 88.01 and Form 14 guidelines rather than finding them to be unjust and inappropriate in light of the circumstances. The petition prayed for an order requiring the Agency to set "an amount of child support less than the presumed child support for Lloyd C. McMahan, Sr., by taking into account the things and matters that the Agency failed to do . . . ."

The case was heard by the trial court on December 5, 1996. Later that month the court entered its judgment in favor of plaintiffs. It found, *inter alia,* that the Agency's decision and order with regard to the amount of child support for Lloyd McMahan was unreasonable, unsupported by competent and substantial evidence upon the whole record, and constituted an abuse of discretion. It ruled that following the Rule 88 and Form 14 child support guidelines was unjust and inappropriate as to Mr. McMahan in light of his medical disability and the expenses associated with the disability, and ordered that his child support be reduced by $100.00 per month. The court's judgment reserved jurisdiction to consider an application by plaintiffs for an award of attorney's fees from the Agency.

On January 23, 1997, plaintiffs filed an application for reasonable attorney's fees and expenses pursuant to Section 536.087.

Section 536.087.1 provides:

A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.

Section 536.087.2 provides:

In awarding reasonable fees and expenses under this section to a party who prevails in any action for judicial review of an agency proceeding, the court shall include in that award reasonable fees and expenses incurred during such agency proceeding unless the court finds that during such agency proceeding the position of the state was substantially justified, or that special circumstances make an award unjust.

The statute further provides that a party seeking such an award must submit his or her fee application within thirty days of any final decision in an agency proceeding or final judgment in a civil action. Section 536.087.3. The application must show that the applicant is a prevailing party and is "eligible to receive" such an award, must include an itemized statement of the fees and expenses sought, and must allege that the position of the State was not substantially justified. *Id.* The decision of a court or agency on an application for fees and expenses made under this section must be in writing, and must include written findings and conclusions concerning the reason or basis for the decision. Section 536.087.6.

Plaintiffs' fee application alleged prevailing party status and eligibility to receive an award, alleged that the position of the State had not been substantially justified, and included a properly itemized statement reflecting the actual hours expended and hourly rate at which fees were computed. The application sought fees in the amount of $2,500.00 and expenses in the amount of $198.04. On February 7, 1997, the State filed an Answer to plaintiffs' fee application. The Answer consisted of simply a blanket general denial of the allegations contained in the application, together with an affirmative prayer requesting that the court refuse to award fees and instead find "that the State was substantially justified or that special circumstances make an award unjust."

A hearing on the application for fees and expenses was held on May 15, 1997. The transcript of that hearing reflects that despite having prior notice, counsel for the State failed to appear at the hearing. The court took judicial notice of its entire file at the hearing, reviewed the fee application and attached itemized billing statement, and heard testimony from Mr. Rohrer concerning his experience as an attorney and that based upon his experience he felt the amount

sought was reasonable, necessary, fair and customary. At the conclusion of the hearing the court stated on the record that plaintiffs had prevailed in the action, that the position of the State had not been substantially justified, and that the full amount of fees and expenses requested ($2,698.00) would be granted. Other than a brief docket sheet minute entry signed by the judge, however, which merely noted that plaintiffs' application for attorney's fees had been called and sustained, the court's fee award decision and the reasons or basis for it were never stated in writing.

The State now appeals *only* the court's decision to award attorney's fees and expenses, pursuant to Sections 536.087.6 and 536.087.7, which provide that the court's decision as to an application for fees and expenses shall be appealable separate and apart from the underlying judgment on which the decision is based. The State, after seeking and being granted special permission from this Court to do so under Rule 81.07, filed its Notice of Appeal herein nearly five months late.

### Standard of Review

■ In reviewing an agency's or trial court's decision to award or not award attorney's fees under Section 536.087, we are required to determine whether the decision was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, was made contrary to law, or was made in excess of the court's or agency's jurisdiction. Section 536.087.7. Subsection 7 further provides that our determination upon such appellate review "shall be based solely on the record made before the agency or court below."

### Discussion

### I.

The State raises five points on appeal. We will take the last point first, because it requires the trial court's fee determination to be reversed and remanded.

In its fifth point the State contends that the trial court's fee award decision was made contrary to law in that the decision did not include "written findings and conclusions and the reason or basis therefor," as required by Section 536.087.6. We agree.

Subsection 6 reads in its entirety:

The decision of a court or an agency on the application for reasonable fees and expenses shall be in writing, separate from the judgment or order of the court or the administrative decision which determined the prevailing party, and shall include written findings and conclusions and the reason or basis therefor. The decision of a court or an agency on the application for fees and other expenses shall be final, subject respectively to appeal or judicial review.

■ The plain import of the above statutory language is that the decision either to award or not to award fees must be in writing, and must explain the reasons or basis for the decision: In this context, we interpret the phrase "findings and conclusions and the reason or basis therefor" to mean that the decision of the court or agency must, at a minimum, state in writing its findings regarding the amount (if any) of fees and expenses to which the applicant is entitled, its conclusions regarding whether the applicant was a "prevailing party" and whether the position of the State was "substantially justified," and a concise but clear explanation of the reasons for those findings and conclusions. The decision should also explain any other reasons or basis that the court or agency relied on in reaching its decision, or in resolving any specific contentions relative to the fee application that either party may have raised.

■ We hold that the court's fee award decision in this case was contrary to law because it did not comply with the directive of Section 536.087.6 that it be in writing, and that it include written findings and conclusions and the reasons or basis therefor. Accordingly, the decision must be reversed and remanded for further proceedings consistent with this opinion, including our instructions that the trial court shall enter a written order stating its findings and reasons as required by Section 536.087.7.

In the interest of judicial economy, we will address the remaining claims of error raised in this appeal.

## II.

The State's first point relied on contends that the court erred in awarding any fees at all because the position the State took in this matter, both at the agency level and in the civil action that arose therefrom, was substantially justified.

As noted earlier, Section 536.087.1 provides that a prevailing party,[4] in either an agency proceeding or a civil action arising therefrom, shall be awarded reasonable fees and expenses unless either "the position of the state was substantially justified" or special circumstances would make such a fee award unjust. Section 536.087.2 provides that in awarding fees and expenses to a party who prevails in any action for judicial review of an agency proceeding, the court shall also include in its award the party's reasonable fees and expenses incurred during the agency proceeding as well, unless the court finds that the position of the State at the agency level was substantially justified or that special circumstances would make such an award unjust.

■ Section 536.087 and its "substantially justified" test was patterned after the federal Equal Access to Justice Act, 28 U.S.C. Section 2412 (1982). *St. Joseph State Hospital v. Soliday*, 861 S.W.2d 145, 147 (Mo.App. W.D.1993). Congress passed the federal act "to encourage relatively impecunious private parties to challenge abusive or unreasonable government behavior by relieving such parties of the fear of incurring large litigation expenses." *Id.* The intent of both the EAJA and Section 536.087 is "to require agencies to carefully scrutinize agency and court proceedings and to increase the accountability of the administrative agencies." *Hernandez v. State Board of Registration for the Healing Arts*, 936 S.W.2d 894, 902–903 (Mo.App. W.D.1997); *Wadley v. State Dept. of Social Services*, 895 S.W.2d 176, 178–79 (Mo.App. S.D.1995). Section 536.087 has a

broad public policy purpose "to ensure the legitimacy and fairness of government and the law so that contests between private citizens and the government are decided on the merits of the matter and not on the costs." *Id.* at 179.

The fact that the State has lost the agency proceeding or civil action creates no legal presumption that its position was not substantially justified. Section 536.087.3. In *St. Joseph State Hospital v. Soliday*, 861 S.W.2d at 147, the court discussed the meaning of "substantially justified" and in so doing quoted with approval a number of federal cases, stating:

> The term substantially justified, ". . . is not 'justified to a high degree,' but rather, 'justified in substance or in the main'-that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). In other words, there must be a "reasonable basis both in law and fact," for the government's action. *Id.* Under federal law, the government must bear the burden to defeat the claim for fees and costs [by showing] not merely that its position was marginally reasonable; its position must be clearly reasonable, well founded in law and fact, solid though not necessarily correct. [Citations omitted.]

The *Soliday* court then went on to quote *Savage v. Toan*, 636 F.Supp. 156, 157 (W.D.Mo.1986), stating: "There must be an indication that the defendant 'lacked good faith in taking its position in this litigation.'" *Soliday* at 147. We disagree with this interpretation of the law.

■ The above-quoted passage from *Savage v. Toan* relied on *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir.1985), which does not stand for the proposition that *Savage* cited it for. Rather, *Keasler* said that the EAJA's provision relieving the government of its obligation to pay a prevailing party's attorney fees when "special circumstances would make [such a fee] award un-

---

4. The State does not argue on appeal that plaintiffs failed to "prevail" in this matter. Since plaintiffs obtained significant relief they clearly

do qualify as a "prevailing" party; see *Melahn v. Otto*, 836 S.W.2d 525, 527–28 (Mo.App. W.D. 1992).

just" was intended not to discourage the government from "advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts." *Keasler v. United States*, 766 F.2d at 1231, n. 8. See also *United States For Heydt v. Citizens State Bank*, 668 F.2d 444, 448 (8th Cir.1982). There is also a line of cases stating that a lack of good faith on the part of the government can indicate that its position in a matter was not substantially justified. *Hernandez v. State Board of Registration for the Healing Arts*, 936 S.W.2d at 903; *Chee v. Schweiker*, 563 F.Supp. 1362, 1365 (D. Ariz. 1983). Similarly, *McLarty v. U.S.*, 6 F.3d 545, 549 (8th Cir.1993), holds that a finding that the government's position in a dispute was "substantially justified" is an implicit holding that its position was not taken in bad faith. None of these cases, however, stands for the proposition first put forward in *Savage v. Toan, supra,* and then cited in *Soliday, supra*——namely, that mere good faith alone on the part of the government means that its position was substantially justified. Thus, a fee applicant under Section 536.087 does not need to show that the State lacked good faith in order to be entitled to recover fees, and the State's position should not be found "substantially justified" simply and solely because the State was not acting in bad faith.

█ Here, the State's position that Mr. McMahan's medical disability and the expenses associated with that disability do not warrant an adjustment in the amount of child support must be shown by the State to be substantially justified. The burden is upon the State to establish that its position was substantially justified even though it lost the case. *Wadley v. State Dept. of Social Services*, 895 S.W.2d at 180. In this regard, we note that the State was given every opportunity to argue to the trial court that its position was substantially justified, and chose instead to waive that opportunity, by failing

to appear at the May 15, 1997 hearing on plaintiffs' fee application.

If the trial court finds upon remand that the position of the State was not substantially justified, the fee applicant is also entitled to reasonable fees and expenses incurred in defending the fee award on appeal. See *State ex rel. Division of Transportation v. Sure–Way Transportation, Inc.*, 948 S.W.2d 651, 658 (Mo.App.W.D.1997).

## III.

The State next argues that the trial court's fee award was error in that it included services rendered by plaintiffs' counsel at the administrative hearing level, since the statute allows an award of fees and expenses to a prevailing party in an "agency proceeding" but defines agency proceedings as those in which the State is "represented by counsel." Here, the State contends, the matter does not qualify as an "agency proceeding" because the Division did not have legal counsel present at the administrative hearing which occurred on March 18, 1996. See Section 536.085(1).

█ We do not need to decide this issue, because it has not been preserved for appellate review. Examination of the record shows that this specific alleged error was never in any manner brought to the trial court's attention—not in the State's answer to the fee application, not at the hearing on the fee application, and not in any post-trial motion [5] Even in a court-tried case, where a post-trial motion is not necessary to preserve an otherwise properly raised issue for appellate review, the appellant must make some effort to bring the alleged error to the trial court's attention. *In Interest of R.G.*, 885 S.W.2d 757, 765 (Mo.App. E.D.1994). An issue not advanced at all in the trial court is not preserved for appellate review. *Scism v. Scism*, 844 S.W.2d 506, 507 (Mo.App. E.D. 1993). With only rare exceptions, an appellate court will not convict a trial court of

---

5. Unlike other issues the State has raised in this appeal, we find that the issue of substantial justification has been properly preserved for review, because it was affirmatively asserted in the State's Answer to the fee application. We choose to address the merits of the issues regarding lack

of a written decision of the fee application, and permissible hourly rate of fee billing, because they are closely related to the issue that was preserved. *Baldridge v. Lacks*, 883 S.W.2d 947, 952 (Mo.App. E.D.1994).

error on an issue that was never presented to the trial court for its consideration *Guzzardo v. City Group, Inc.*, 910 S.W.2d 314, 317 (Mo.App. E.D.1995). We find this claim of error has not been preserved for review. Point denied.

## IV.

■ The State next contends the trial court erred in awarding fees because these plaintiffs, one of whom is medically disabled and has as his only source of income a modest disability pension, and the other who works at a part-time minimum wage job, did not plead that they had a net worth of less than two million dollars. See Section 536.085(2)(a); *Melahn v. Otto*, 836 S.W.2d at 528. Here again, however, the issue the State raises is one that has not been preserved for appellate review. The State did nothing whatsoever to bring this alleged "error" to the trial court's attention; and had they done so the problem could have easily been corrected by simply having plaintiffs amend the fee application. The State is not entitled to raise this issue for the first time on appeal. Point denied.

## V.

Finally, the State argues that the trial court's fee award was error because the award was made at a rate of one hundred dollars per hour, and absent special circumstances the statute allows recovery only at a maximum rate of seventy-five dollars per hour.

Section 536.087 allows for recovery of "reasonable fees and expenses." Section 536.085(4) defines that term as follows:

> "**Reasonable fees and expenses**" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test or project which is found by the court or agency to be necessary for the preparation of the party's case, and reasonable attorney or agent fees. The amount of fees awarded as reasonable fees and expenses shall be based upon prevailing market rates for the kind and quality of the services furnished, except that no expert witness shall be compensated at a rate in

excess of the highest rate of compensation for expert witnesses paid by the state in the type of civil action or agency proceeding, and attorney fees shall not be awarded in excess of seventy-five dollars per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

The statute thus expressly allows fee awards in excess of $75 per hour when the court determines that a "special factor, such as the limited availability of qualified attorneys" justifies a higher fee. The limited availability of qualified attorneys in the area willing to take a case at the $75–per–hour rate has been interpreted to be a "special factor" that can justify an enhancement above $75 per hour. See *Douglas v. Baker*, 809 F.Supp. 131, 135 (D.D.C.1992).

The trial court upon remand must address in its written findings and conclusions whether it deems that a "special factor" exists which justifies a fee award in this case in excess of $75 per hour, and if so, why.

### Conclusion

The fee award decision of the circuit court is reversed and remanded for further proceedings consistent with this opinion.

GARY M. GAERTNER, P.J., and HOFF, J., concur.